THE PEOPLE ex rel. GEMMILL agt. ELDRIDGE, County Judge, and
LANSING.

On appeal from a justice of the peace to the County Court, the Code, § 354,
provides that " the affidavit and notice of appeal must within the *like time*
(20 days), be served on the justice, and a notice of the appeal on the *respond-
ent* personally, or by leaving it at his residence with some person of suitable
age and *discretion.*"

The question is this, whether the affidavit and notice of appeal being served
on the *justice* within the twenty days, but *not on the respondent until after
the twenty days has expired,* the appeal is perfected so as to give the County
Court jurisdiction? *Held* not.

The service of the notice of appeal on the respondent within the time, is not
merely a directory statute, it is *imperative.* The section requires that cer-
tain things shall be done within twenty days, and if they are not *all* done,
*there is no appeal.*

This is a jurisdictional question which can be taken advantage of at any
time where there is no positive act of submission to the tribunal whose ju-
risdiction is questioned.

A *verbal* notice of appeal given to the respondent within the time amounts to
nothing. It must be a notice in writing.

Where there is a failure to serve such notice as required by the statute, there
can be no *amendment* allowed. There is nothing to amend, or amend by.

The court has no authority to allow an appeal to be brought after the time
limited by statute has expired. (*This agrees with Tripp agt. De Bow,* 5
*How. Pr. R.* 114, *and Enos agt. Hunter, id.* 361, *and is adverse to Crit-
tenden agt. Adams, id.* 310; *see* 6 *How. Pr. R.* 281.)

*Dutchess Special Term, September* 1852. *Application for a
writ of prohibition.* Gemmill sued Lansing before a justice of
the peace in Poughkeepsie, where plaintiff resides, and recovered
judgment March 1st, 1852. The defendant prepared an affidavit
and served it upon the justice with notice of appeal within twenty
days, and also served notice upon the attorney who appeared for
plaintiff before the justice; but did not serve any written notice
on the plaintiff himself until April 19. The plaintiff moved be-
fore the County Court to dismiss the appeal, on the ground that
no notice had been served on him within twenty days, as required
by the Code; which motion was denied upon the ground that
" the irregularity complained of should have been taken advan-
tage of at the first opportunity," and that " by allowing a special

People agt. Eldridge and Lansing.

term to go by without moving to dismiss the appeal," the plaint-
iff " has waived his right to take advantage of the irregularity."
The cause was thereupon directed to be heard upon the return at
the next general term of the County Court. The plaintiff now
applies for a writ of prohibition requiring the County Court to
refrain from further proceedings in said cause.

H. A. Nelson, *for Relator.*

R. N. Palmer, *for Defendants.*

Barculo, Justice.—The question is whether service of the affi-
davit and notice of appeal upon the *justice*, perfected the appeal
so as to give the County Court jurisdiction of the cause. The
Code, § 354, provides that " the affidavit and notice of appeal
must within the like time (20 days), be served on the justice
and a notice of the appeal on the respondent personally, or by
leaving it at his residence with some person of suitable age and
discretion." This constitutes, as I understand it, the appeal. I
can not concur with the counsel for the defence in assuming that
the service of notice is merely *directory*, and may be dispensed
with; or that its absence may be supplied by other proof of in-
formation conveyed to the respondent. The section requires that
certain things shall be done within the twenty days; and if they
are not all done, *there is no appeal.* This is obvious from the
context as well as the rule of construction which has been ap-
plied to superior courts. Thus section 359 declares that " when
the affidavit and *notices* of appeal shall have been served, the
respondent may supply or correct material omissions or misstate-
ments therein, by an affidavit on his part, a copy of which shall
be served on the justice, and also on the attorney, if any, who
prosecutes the appeal, or if there be none, on the appellant,
within ten days after receiving notice of the appeal." " The
court (§ 360) shall thereupon, after ten days, *and within thirty
days* after the service of the notice of appeal, make a return," &c.
From these provisions it appears that the notice of appeal *must*
be served on the respondent within the twenty days, to authorize
him to supply or correct the affidavit of the appellant within the
thirty days given to the justice to make the return. Otherwise
the respondent loses the opportunity of furnishing an affidavit

on his part, as the justice, in making his return, must be governed by the notice *served on him.* The case before us illustrates this matter. The affidavit and notice of appeal were served on the justice on the 4th of March, he makes his return the fore part of April, as he is required; and on the 19th April the appellant first serves notice of the appeal upon the respondent, so that the latter is cut off from his right to correct the affidavits of the appellant. It is not intended to be said that the County Court could not relieve a party under such circumstances, who should come in and submit to the jurisdiction and ask for an amended return; but these sections show that the notice to the respondent is a *part of the appeal,* without which it is imperfect.

2. We will now look at the analagous case of appeals in superior courts. Section 327 provides that " an appeal must be made by the service of a notice in writing, on the adverse party, and on the clerk," &c. In the case of Tripp agt. De Bow (5 *Pr. R.* 144), the notice of appeal from a judgment of the County Court to this court was served upon the *party* instead of his attorney. On a motion to dismiss the appeal made at the Ontario special term, the justice held that the notice should have been served on the attorney, and that the statute not having been complied with, nor the error waived by an appearance, the court had acquired *no jurisdiction,* and the appeal sought to be taken *was a nullity.* This decision was affirmed at the general term; the court declaring it to be a "jurisdictional question," which " the party has a right to take advantage of at any time, provided he has not appeared or answered, or proceeded in such a manner as to give the court thereby jurisdiction in the case."

Now the essential difference between the two provisions of the statute is, that in regard to appeals in the superior courts, the notice must be served on the attorney, and in appeals from a justice of the peace, the notice must be served on the party personally, or by leaving it at his residence with some person of suitable age and discretion. If then it was correctly held, of which I have no doubt, in Tripp agt. De Bow, that a notice served on the party and not on the attorney in an appeal to the Supreme Court was a nullity, the converse, as applied to the present case, must also be true that the notice being served on the attorney

People agt. Eldridge and Lansing.

and not on the party, as required by the statute, is a nullity, and consequently that there was no appeal by which the County Court could obtain jurisdiction.    The county judge, therefore, in holding this to be a case of mere irregularity overlooked the broad distinction between a question of practice and a question of juris-diction.    The former may be waived by delay; but the latter can never be waived by mere lapse of time, but only by some positive act of submission to the tribunal whose jurisdiction is ques-tioned.

3.   But it is claimed that the affidavits show that the respond-ent had verbal notice of the appeal, or, in other words, that he admitted and stated in conversation, the judgment had been ap-pealed.   This, however, can not affect the question unless it can be shown that *a written notice is unnecessary*.    But the section itself negatives the idea, by providing as an alternative, that it may be served " by leaving it at his residence."

Again, section 408 defines what is meant by a notice, by de-claring that " all notices shall be in writing," and although that chapter may not be intended particularly to apply to these ap-peals, it furnishes a strong presumption that the Code makers in-tended by the term " notice," whenever used generally, to de-signate a written, and not an oral communication.

4.  But it is contended that the defect is amendable.   To this two answers may be given.   First, the appellant has not applied to the County Court to amend, nor has any amendment been or-dered.   Secondly, there is nothing to amend, nor to amend by. If the notice had been served, and had been defective in some matter of form, or perhaps, of substance, I could understand what is meant by " amending."   But here is *no* notice, and the party, under the head of amendments, asks to bring an appeal after the time limited by statute has expired.   This no court has the au-thority to do in my judgment.   We may just as well extend the time for bringing an action beyond the period fixed by the statute of limitations, or order an execution to run beyond the time fixed for the lien of a judgment.

It is true that section 327 allows amendments in cases of ap-peal, but it provides as a *sine qua non*, that the party shall have given, in good faith, " notice of appeal."

I am also aware that in the case of Crittenden agt. Adams (5 *How. Pr. R.* 310), Justice MASON held that the court had the power to authorize an appeal to be taken after the expiration of the time limited by the Code. But that decision is in direct conflict with that of Tripp agt. De Bow, and also with Enos agt. Thomas and Hunter (5 *How. Pr. R.* 361), decided by the general term in the third district, and I can not follow it.

The right of appeal is a *restricted* right. The legislature regulate and control it as they please. The presumption is that the first tribunal is competent to dispose properly of the matters submitted to it, and that its decisions are correct. The law, however, gives an opportunity to review the first adjudication, upon a compliance with certain conditions on the part of the party feeling aggrieved. Among those conditions is found a limitation as to time, which, while it gives a full opportunity to appeal, is designed to cut off that right forever if the parties do not avail themselves of it in season. The party who loses the privilege by his delay or negligence, has no one to blame but himself. The courts can not help him without abolishing the law and substituting themselves in the place of the legislature.

In the present case the County Court, unless restrained, will proceed to judgment on the return. In that event it is difficult to see how the relator can avail himself of this defect of jurisdiction. I am inclined to think he has no remedy if the application is denied. I shall, therefore, direct an alternative writ to be issued, that the question may be examined at the general term.

Writ of prohibition granted.