GEORGE R. SAMPSON AND LEWIS W. TAPPAN, MERCHANTS DOING BUSINESS UNDER THE NAMES AND FIRM OF SAMPSON & TAPPAN, CLAIMANTS OF THE SHIP SARAH, HER TACKLE, APPAREL, AND FURNITURE, APPELLANTS, *v.* SAMUEL WELSH, JOHN WELSH, AND WILLIAM WELSH, TRADING AS S. & W. WELSH.

Upon a libel to recover damages against ship-owners, a decree passed against them for over $2,000, with leave to set off a sum due them for freight, which would reduce the amount decreed against them to less than $2,000. The party elected to make the set off, saving his right to appeal to this court.

The reduced decree was the final decree, and the party cannot save a right of appeal where it is not allowed by act of Congress.

THIS was an appeal from the Circuit Court of the United States for the eastern district of Pennsylvania, sitting in admiralty.

It was a case of libel under the circumstances which are stated in the opinion of the court, and was submitted on printed arguments by *Mr. Wharton* and *Mr. Kane* for the appellants, and *Mr. Fallon* and *Mr. Serrill* for the appellees.

The arguments of the counsel were directed to the merits of the case, which it is not necessary to state under the view taken of it by the court.

Mr. Chief Justice TANEY delivered the opinion of the Court.

This case is brought up by an appeal from the Circuit Court of the United States for the eastern district of Pennsylvania.

A libel was filed in the District Court for that district by S. & W. Welsh, the appellees, against the ship Sarah, (of which Sampson & Tappan, the appellants, are the owners,) to recover compensation for damages sustained by a cargo of coffee shipped on board the Sarah, at Rio, and consigned to the libellants; and also to recover compensation for sundry disburse-

ments made by the libellants for the payment of wages and provisions for the ship.

The ship-owners appeared, and answered; but it is unnecessary to state more particularly the facts in controversy between the parties, because the final decree of the Circuit Court was for less than two thousand dollars, and consequently no appeal from its decree will lie to this court.

At the hearing in the District Court the libel was dismissed; but upon an appeal to the Circuit Court this decision was reversed, and a decree passed by the Circuit Court in favor of the libellants for the sum of $2,302.78, with leave to the respondents to set off the balance due them for freight, if they should elect to do so. Afterwards, the respondents appeared in court, and elected to set off this balance against the sum decreed against them, which reduced the amount to $1,071.27. But in making this election, the proctors for the respondents stated in writing, and filed in the court, that the election to set off was made without any waiver of their right to appeal from the decree. After this election was made, the court, on the 31st of August, 1858, passed its decree in favor of the libellants for the above-mentioned sum of $1,071.27, with interest from July 20, 1858. This was the final decree of the court, and the one from which the appeal is taken; and, as it is below $2,000, no appeal will lie under the act of Congress. And neither the reservation of the respondents in making their election, nor even the consent of both parties, if that had appeared, will give jurisdiction to this court where it is not given by law

The appeal must therefore be dismissed for want of jurisdiction.