DECEMBER TERM, 1878. 39

In the Matter of the Opening of Gold Street, Deadwood, v. Newton et. al.

IN THE MATTER OF THE OPENING OF GOLD STREET, DEADWOOD, V. NEWTON ET AL.

1. NOTICE OF APPEAL: WAIVER OF. Service of notice of appeal is essential to the jurisdiction of this court to review the cause, and cannot be waived by stipulation of the parties. The want of such notice may be taken advantage of at any time before there is a positive act of submission to the appellate court.

*Appeal from the District Court of Lawrence County.*

ON the twentieth day of August, 1878, come the respondents in the above entitled cause, for the purpose of this motion only, by their attorney, W. H. Parker, and move the Court to dismiss the appeal in said cause, for the reason that said Court has not jurisdiction to try and determine the same, for that a notice of appeal was not served.

*W. H. Parker*, for respondent, for the purposes of this motion only.

Motion argued by *W. H. Parker*, for the same, and by *J. R. Gamble, contra.*

SHANNON, C. J.—It is provided, by section 409 of the Code of Civil Procedure, that if the appellant fail to cause the requisite papers to be transmitted to the Supreme Court, the appeal may be dismissed. The requisite papers are clearly prescribed in section 408, and in the rules of this court: *First*, there must be a certified copy of the notice of appeal. (Rules 4 and 8 of Supreme Court.)

By section 403 of chapter 16, same Code, it is enacted that "the modes of reviewing a judgment or order in a civil action shall be those prescribed by this chapter." By section 407 it is declared that "an appeal must be made: *First*, by the service of a notice in writing on the adverse party or his attorney, and on the clerk with whom the judgment or order appealed from is entered, stating the appeal from the same, or some specified part thereof." There is no other mode in the chapter for reviewing a judgment

or order by appeal; and it is, therefore, a prerequisite that an appeal must be so made. Without it this court obtains no jurisdiction of the cause.

Appellate jurisdiction is conferred, under the Organic law; by section 22 of the Code, and the same authority which gives the jurisdiction points out the manner in which a case shall be brought before us. We have no power to dispense with the provisions of the law as to the mode, nor to change or modify them. (*Carroll v. Dorsey*, 20 How. U. S. R., 207; *Castro v. U. S.*, 3 Wall., 47.)

The service of the notice of appeal is a jurisdictional question, which can be taken advantage of at any time before there is a positive act of submission to the appellate court. To this point see *People v. Eldridge*, 7 How. Pr. R., 108; *Tripp v. De Bow*, 5 How., 114; S. C. 3 Code R., 163.

An omission in this respect cannot be supplied or rectified. (*Morris v. Morange*, 26 How. Pr. R., 247; S. C., 17 Abb., 86; affirmed, 38 N. Y., 172; 4 Abb. (N. S.) 447; 31 How. Pr. R., 631, note; *Hastings v. Halleck*, 10 Cal., 31, 491; *Buffandeau v. Edmundson*, 24 Cal., 94; *Whippley v. Mills*, 9 Cal., 641; *Salls v. Butler*, 27 How. Pr. R., 133.) In the case of *Kelsey v. Forsyth*, 21 How., 85, it was held by the Supreme Court of the United States that an "agreement of parties cannot authorize this court to revise a judgment of an inferior court in any other mode of proceeding than that which the law prescribes." (See also *Mordecai v. Lindsay*, 19 How. 200; *Sampson v. Welsh*, 24 How., 207.)

Among the papers transmitted to this court there is not a certified copy of any notice. On the argument of this motion it was not even pretended that there ever was any notice in writing to be served on anybody.

On the contrary, we have a simple statement, signed by one of the counsel for the respondent, that "notice of appeal in the above entitled cause was waived by consent of counsel."

Such waiver, by any stipulation of the parties, is insufficient; for consent, though it may waive error, cannot confer jurisdiction. (*Bonds v. Hickman*, 29 Cal., 461.)

This motion must prevail though, under section 410, without prejudice to another appeal.