CHARLES W. MANSFIELD *vs.* BENJAMIN F. DYER.

Norfolk.    Feb. 2, 1880. — April 4, 1881.    MORTON, SOULE & FIELD, JJ.,
absent.

A. in fraud of his creditors conveyed land by a quitclaim deed to B., who participated in the fraud, and who, by a deed in like form, conveyed the land to C. The land was then specifically attached by a creditor of A., under the Gen. Sts. *c.* 123, § 55.   *Held,* on a writ of entry, by the purchaser at a sale on execution made under this attachment, against C., that the fact that the latter took his title by a quitclaim deed was not conclusive evidence that he was not a purchaser in good faith and without notice of the fraud.

WRIT OF ENTRY to recover two parcels of land in Braintree. Plea, *nul disseisin.*   At the trial in the Superior Court, before *Bacon,* J., the jury returned a verdict for the demandant; and the tenant alleged exceptions, which appear in the opinion.

*R. D. Smith & J. M. Baker,* for the tenant.

*E. Avery,* (*G. M. Hobbs* with him,) for the demandant.

COLT, J.   Both parties derive title to the premises in dispute from Warren Mansfield.   The demandant claims under a sale upon an execution recovered in an action against Mansfield, in which the land was specifically attached in 1875 as his property, the record title to which was in another.   Gen. Sts. *c.* 123, § 55.   The tenant claims under a quitclaim deed for a valuable consideration, dated in 1874, from Potter, who acquired his title by quitclaim deed from Mansfield in 1872.   The land was attached as the property of Mansfield in this manner after the tenant had acquired his title from Potter, the alleged fraudulent grantee of Mansfield.

At the trial, the judge ruled that, by the deed from Potter, the tenant took no better title than his grantor had as to creditors of Mansfield, " and that it was not necessary to prove any other or further notice of fraudulent conveyance to the tenant, as he received his title by quitclaim deed."   And the case was then disposed of by the judge with instructions to the jury " to consider it as if the suit was against Potter, the grantee of Mansfield alone; and to inquire whether the conveyance of 1872, as between Mansfield and Potter, was fraudulent at common law as to the creditors of the former."

These instructions are founded on the theory that the tenant took by quitclaim deed no better title than Potter had against the creditors of Mansfield, although he was a purchaser in good faith and paid a full consideration for the land. But it is well settled that, when land conveyed in fraud of creditors is taken on execution as the property of the fraudulent grantor, the creditor, in order to establish his title against one holding the record title, must prove, where there is no express or implied trust, that the latter either participated in the fraudulent purpose of his grantor, or that the deed to him was without consideration and wholly voluntary. The title of one who purchases of a fraudulent grantee, before the land is specifically attached under the statute, is good against the creditors of all previous owners, in the absence of such evidence. Gen. Sts. *c.* 123, § 55. *Snow* v. *Paine*, 114 Mass. 520. *Clark* v. *Chamberlain*, 13 Allen, 257. *Hubbell* v. *Currier*, 10 Allen, 333. *Oriental Bank* v. *Haskins*, 3 Met. 332.

And it makes no difference in the application of these rules that the tenant acquires his title from a fraudulent grantee by a deed of release and quitclaim. In this Commonwealth, such a deed is as effectual to transfer whatever title the grantor has in the premises, as a deed with full covenants of warranty. The conveyance in either form is voidable, and not void, if fraudulent as to creditors; and, until defeated by a creditor, the title of the grantor passes. The deed is good in all cases between the parties, however fraudulent the intent; and an infirmity of title by reason of the right of creditors to avoid it cannot be treated as an existing incumbrance, subject to which an innocent purchaser must take the estate, if he takes by quitclaim deed only. It is declared by statute that "a deed of quitclaim and release of the form in common use in this State shall be sufficient to pass all the estate which the grantor could lawfully convey by a deed of bargain and sale." Gen. Sts. *c.* 89, § 8. *Green* v. *Tanner*, 8 Met. 411.

In the case at bar, the land in dispute was originally subject to a mortgage given by Mansfield, subject to which it was conveyed to Potter, and by him to the tenant. The fact that it was so conveyed by quitclaim deeds, if of any weight, was for the consideration of the jury on the question whether the tenant

was a purchaser in good faith. The jury, under the instructions given, were required to consider it conclusive evidence against the tenant on that point; and, for this reason, the entry is

*Exceptions sustained.*