JAMES H. CARR vs. MOSES BRIGGS.

JANE CARR vs. SAME.

Suffolk.   December 1, 1891. — February 26, 1892.

Present: ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Mortgage of Personal Property — Partnership — Preference.*

A mortgage of partnership property, signed by the partners in their individual names, need not disclose the undertaking to be on the part of the partnership in order that the record thereof shall constitute the notice required by law.

The mere knowledge by a mortgagee, at the time that the mortgage was given, that one of the purposes of the mortgagor was to hinder and delay his creditors, is not sufficient to justify the jury in finding that the mortgagee participated in such purpose.

LATHROP, J.   These are two actions of tort, each brought by a mortgagee of certain chattels, for their conversion, against a deputy sheriff, who attached the chattels as the property of the firm of Carr Brothers, after the mortgages had been given by the firm or its members to the plaintiffs respectively, and after the mortgages had been recorded.

No question is made as to the form of the mortgage in the second case.   In the first case the mortgage was executed by the persons who constituted the firm of Carr Brothers, and the property conveyed was the property of the firm, but was not described as such.   The defendant admits that one partner may execute a valid bill of sale of the entire property of the partnership, and that a mortgage of partnership property may be signed by the members in their individual names.   He contends, however, that the mortgage must so far disclose the undertaking to be on the part of the partnership that the record of the mortgage shall constitute the notice required by law.   The defendant has cited no authority in support of his contention, and has not argued it further than to state it.   We see no reason to doubt that a mortgage sufficient to pass the property is good as against a subsequently attaching creditor, if duly recorded under the St. of 1883, c. 73.

The next question which arises is substantially the same in both cases, though the facts are rather more strongly stated in favor of the defendant in the first case than in the second.   And

as it is clear that the defendant's exceptions in the second case must be overruled if those in the first case are, we confine ourselves to the exceptions in the latter case.

It appeared in evidence that, in the early autumn of 1888, Carr Brothers, the mortgagors, with the knowledge of the plaintiff, added to their former business of making shoe stock the manufacture of shoes, of which business they had no particular knowledge, never having been engaged in it; that the plaintiff in September, 1888, lent them some money, which he obtained by mortgaging his house; that on the same day that the plaintiff's mortgage was given, February 4, 1889, Carr Brothers conveyed to their mother all the real estate owned by the firm; that the plaintiff was employed by the firm, and was constantly in their place of business; that in March the firm borrowed on a note signed by the mother of the plaintiff and of Carr Brothers, and by the individual members of that firm, secured by a mortgage on real estate of the mother, embracing that conveyed by the mortgagors to her on February 4, 1889, a sum of money, for which they paid three per cent a month; that the plaintiff knew of this transaction; that the plaintiff knew that Carr Brothers, in order to start the business of manufacturing shoes, largely increased their indebtedness; that the firm of Carr Brothers stopped payment some time in July, 1889; that the plaintiff knew that the firm of Carr Brothers was largely indebted before he received his mortgage; and that some time in the summer following his mortgage their property was attached, and he became surety on the bonds to dissolve the same.

The jury were instructed, among other things, that if one purpose of the giving of the mortgage was to hinder, delay, or defeat the creditors of the mortgagors in the collection of their claims, and this purpose was known to the mortgagee, and he participated in or did anything to aid in the accomplishment of that purpose, the mortgage was invalid, and the plaintiff could not recover.

The defendant then asked the court to instruct the jury as follows: " If the plaintiff knew that one of the purposes of that mortgage was to hinder and delay the creditors of the mortgagors, it was sufficient to justify the jury in finding that the plaintiff participated in it"; but the judge refused so to rule, and instructed the jury as follows: " This same question came

up in the case of *Banfield* v. *Whipple*, in 1867, in this court, reported 14 Allen, 13. In that case, the judge of this court ruled that, if the mortgagor intended to delay, defraud, or hinder the plaintiffs in the collection of their claim, although he also intended to secure to the mortgagee the payment of what might be due to him, and if he made the conveyance for both of these purposes, the conveyance would be void if the mortgagee knew of the fraudulent intent on the part of the defendant, and participated in carrying out the same. The party who set up the fraud in that case, and relied upon it, requested the court to rule that if one purpose of making the conveyance was to delay, hinder, and defraud the party who claimed to hold the property upon attachment in the collection of his claim, by preventing the property from being attached upon the writ, and this purpose was known to the mortgagee before the making and accepting of the conveyance, the acceptance of the conveyance by the mortgagee, he then knowing the purpose of the mortgagor in making it, was of itself such a participation in the purpose of the mortgagor as would render the conveyance void. The judge ruled that such knowledge was strong evidence of a participation in the fraudulent purpose, but declined to rule that it was of itself such participation. And the Supreme Court said that that was right, and that is the law."

The defendant excepted to the charge of the judge, and his refusal to charge as requested.

The defendant contends that the instruction asked for in the case at bar differs from that which was requested in *Banfield* v. *Whipple*, 14 Allen, 13, inasmuch as the request there was, that taking an assignment with knowledge of the fraudulent intent of the assignor was of itself such a participation in the purpose of the assignor as would render the assignment void, while in the case at bar the effect of the request was merely that such knowledge would justify the jury in finding participation. But in this case the effect would have been the same, considering the instruction immediately before given. The jury had been instructed that a fraudulent purpose on the part of the mortgagors, coupled with knowledge on the part of the mortgagee and participation in this purpose by him, would render the mortgage invalid. Under these circumstances, if the instruction requested

had been given, the case would have been submitted to the jury under instructions inadequate to the case presented by the evidence, without dwelling upon the question whether it is a subject of exception that the court refused to rule that the finding of one disputed fact will justify the finding of another disputed fact. See *Banfield* v. *Whipple, ubi supra. Sleeper* v. *Chapman,* 121 Mass. 404.

Where one creditor seeks to set aside a conveyance to another creditor, at common law, it is not enough, if a valuable consideration has been paid for the conveyance, to show " that both the creditor and debtor know that the effect of such appropriation will be to deprive other creditors of the power of reaching the debtor's property by legal process in satisfaction of their claims. If there is no secret trust agreed upon or understood between the debtor and creditor in favor of the former, but the sole object of a transfer of property is to pay or secure the payment of a debt, the transaction is a valid one at common law. The distinction is between a transfer of property made solely by way of preference of one creditor over others, which is legal, and a similar transfer made with a design to secure some benefit or advantage therefrom to the debtor, which is fraudulent and illegal." Bigelow, C. J., in *Banfield* v. *Whipple.*

In *Giddings* v. *Sears,* 115 Mass. 505, 508, Mr. Justice Endicott states the rule thus : " The right of a debtor to give a preference springs from his ownership and having dominion over his property ; and if he acts in good faith, pays an honest debt, and reserves no advantage to himself, the payment is valid. The right of a creditor to secure himself, to obtain payment of a just debt by activity and vigilance, is not affected by the debtor's insolvency, or his knowledge of it, or the fact that by securing himself he defeats another. He is not bound to protect other creditors ; if he merely obtains what is due him, there cannot be said to be fraud in the transaction."

The disregarding of this distinction in the request for instruction in *Banfield* v. *Whipple,* was held sufficient ground for overruling the exceptions ; and the same reason applies to the cases before us.　　　　　　　　　　　　　*Exceptions overruled.*

*E. Avery & M. T. Allen,* for the defendant.

*H. E. Fales & S. H. Tyng,* for the plaintiffs.