[No. 1824.  Decided February 19, 1896.]

MARCUS A. SAWTELLE, *Receiver, Appellant,* v. ANDREW WEYMOUTH *et al., Respondents.*

APPEAL — WAIVER OF NOTICE — JUDGMENT LIEN — FRAUDULENT CON-
VEYANCES. .

The notice of appeal prescribed by the statute is essential to con-
fer jurisdiction on the appellate court, and it is not competent
for the parties to waive it.

The judgment lien provided by Code Proc., § 460, as attaching to
all the real estate of the judgment debtor in any county after the
filing of a transcript thereof in the office of the county auditor, will
not attach to lands conveyed by the judgment debtor to his wife,
prior to the rendition of judgment, although the judgment was for a
community debt; and the subsequent conveyance of such lands, for
value prior to any proceedings taken by the judgment creditor at-
tacking the transfer from husband to wife, is sufficient to pass the
land free from all claims of the judgment creditor.

Appeal from Superior Court, Jefferson County.—
Hon. R. A. BALLINGER, Judge.  Affirmed.

*Warren Carroll,* and *J. C. Phillips,* for appellant.

*Morris B. Sachs,* and *George H. Jones,* for respodents.

The opinion of the court was delivered by

GORDON, J.—The respondents, Andrew Weymouth
and Margaret E. Weymouth, are, and for upwards of
twenty years last past have been husband and wife.
On April 18, 1890, the respondent Andrew Weymouth,
with one George Moffatt, executed and delivered a
promissory note to the Port Townsend National Bank
of which the appellant Marcus A. Sawtelle is receiver.
The indebtedness thus incurred by said Andrew Wey-
mouth was for the benefit of the community consist-
ing of himself and wife.  On July 21, 1892, said
community was the owner of various town lots in and

adjacent to the city of Port Townsend in Jefferson county, and also of eighty acres of land in Clallam county in this state. On said last mentioned day the said Andrew Weymouth executed to the said Margaret E. Weymouth a deed of conveyance to the premises which are the subject of this litigation, and on the 1st of June thereafter judgment was rendered against the said Andrew Weymouth in favor of said Port Townsend National Bank upon the indebtedness heretofore mentioned, which judgment amounted to the sum of $1,375. On June 7, 1893, the judgment creditor caused a transcript of said judgment to be filed in the offices of the county auditors of said Jefferson and Clallam counties. On December 11, 1893, the respondent Margaret Weymouth, her husband joining with her, conveyed a part of this property to the respondent William DeLanty, and on the following day, viz., December 12, 1893, the remainder of said property in dispute was conveyed by the respondents Weymouth to the respondent William G. Strong. The conveyances herein referred to were duly recorded.

This action was commenced by the appellant as receiver to set aside as fraudulent said conveyances, viz., the conveyance from Andrew to Margaret E. Weymouth, also the conveyances from respondent Margaret E. Weymouth and her husband to the respondents William DeLanty and William G. Strong, and to subject the property to levy and sale for the purpose of satisfying the judgment obtained by said bank against said respondent Andrew Weymouth. In the court below the cause was sent to a referee to take and report the testimony, and thereafter the court, having made its findings and conclusions, rendered

its judgment and decree in favor of respondents, from which appellant has appealed.

The respondents, Andrew and Margaret E. Weymouth, excepted to certain portions of the findings and conclusions of the trial court, and the record contains the following stipulation of the parties, omitting title, viz.:

"It is hereby stipulated and agreed by the parties to this action through their respective attorneys, that notice of appeal and bond for costs on appeal is hereby waived on the part of the plaintiff of the defendants herein, to-wit, Andrew Weymouth, Margaret E. Weymouth, and that upon the trial and hearing of this cause in the supreme court of the state of Washington the appeal of said defendants shall be heard the same as if said notice of appeal and bond for costs on appeal had been duly given and filed herein." Signed by the respective counsel.

For want of jurisdiction we must decline to review the findings and conclusions upon the attempted appeal of the Weymouths. We hold that the notice of appeal prescribed by the statute is essential to confer jurisdiction upon this court, and it is not competent for the parties to waive it: *Kelsey v. Forsyth*, 21 How. 85; *Sampson v. Welsh*, 24 How. 207; *People v. Eldridge*, 7 How. Pr. 108.

"Such waiver, by any stipulation of the parties, is insufficient, for consent, though it may waive error, cannot confer jurisdiction." *In re Gold Street v. Newton*, 2 Dak. 39 (3 N. W. 311).

In addition to what has already been stated the court below found that, " the conveyance of the property by Andrew Weymouth to Margaret E. Weymouth was a voluntary conveyance and without consideration." Further, " that at the time of the conveyance . . . from said Andrew Weymouth and Margaret

E. Weymouth to William DeLanty, the said defend-
ants, Andrew Weymouth and Margaret E. Weymouth,
were and had been for a long time prior thereto in-
debted to said William DeLanty in a large sum of
money, to-wit, about the sum of $1,400, which said
sum was the consideration for said conveyance, and
said indebtedness was canceled and paid by said con-
veyance." Further, " that at the time of the convey-
ance by Andrew Weymouth and Margaret E. Weymouth
to defendant William G. Strong, . . . the said
defendants, Andrew Weymouth and Margaret E. Wey-
mouth, were, and had for a long time prior thereto
been, indebted to the defendant William G. Strong in
a large sum of money, to-wit, the sum of $1,200, and
that said conveyance was made in consideration of
said indebtedness, and said indebtedness was canceled
and paid thereby." The court also found that De-
Lanty is an uncle of the defendant Margaret E. Wey-
mouth, and defendant Strong is a son-in-law of the
said Weymouths.

The court concluded, as matters of law, that by
virtue of the conveyance from Andrew to Margaret
E. Weymouth, the property described therein " be-
came the separate property of Margaret E. Weymouth."
Also, that the conveyance from respondents Margaret
E. Weymouth and Andrew Weymouth, her husband,
to DeLanty, " was upon a valuable consideration and
that said DeLanty has ever since been and now is the
sole owner of said property free from all claims of the
plaintiff [appellant] made in this cause." A like
conclusion was reached concerning the conveyance
from the respondent Margaret E. Weymouth and her
husband to the respondent Strong. Also, " that at
the time of the conveyances from said defendants An-
drew Weymouth and Margaret E. Weymouth to William

DeLanty and William G. Strong, respectively, the said plaintiff [appellant] had no lien upon the land described in said conveyances by virtue of the judgment referred to (recovered by the bank against Andrew Weymouth) or by virtue of any proceedings therein or at all." To each of the foregoing findings and conclusions the appellant excepted and predicates assignments of error upon them.

As to the findings, we are entirely satisfied that they are fully supported by the evidence. A more important question is, did the findings warrant the conclusions which we have noticed. The respondents contend that the conveyances to DeLanty and Strong, having been executed six months after the rendition of the judgment and filing of the transcript, were subject to the prior lien of the bank's judgment. Section 460, Code Proc., provides that:

"From and after said filing of transcript [of the judgment] by the county auditor of any county in the state, such judgment shall be a lien upon *all real estate of the judgment debtor in such county,* for the period of five years, commencing from the date on which said judgment was rendered."

Appellant further contends that the debt for which the judgment was obtained against the husband, being a community debt, constituted "an existing equity" and could not be affected by the subsequent transfer of the property to the respondent Margaret E. Weymouth; that the property in the hands of the husband was by operation of law impressed and charged with the trust in favor of community creditors, of which trust the wife became charged with full notice; that the property in her hands was still impressed with that trust and subject to sale to satisfy the community debts incurred before its transfer;

that by the transfer she "became the trustee and it
was her duty to hold the property subject to the obli-
gations of the trust."

Assuming these positions to be well taken, in what
way do they affect the respondents, DeLanty and
Strong? Certainly not at all, unless by the entry of
the judgment and filing of the transcript the appel-
lant obtained some lien upon the premises. The
question is not whether this land could be subjected
to sale for the purpose of satisfying appellant's judg-
ment, had the title remained in the Weymouths, or
either of them, but we have now to deal with the
rights of parties who for a full and adequate consid-
eration purchased the property from one who was ap-
parently clothed with the full legal title and authority
to convey. But appellant insists that the conveyance
from the husband to the wife was without considera-
tion and in fraud of creditors. Supposing that we
concede all this, such a conveyance is not absolutely
void but only voidable as to creditors. It "is good
as against the grantor, and as respects himself vests
all his interest in the land, equitable as well as legal,
in the grantee." *Rappleye v. International Bank*, 93
Ill. 396; *Lyon v. Robbins*, 46 Ill. 276; *Thames v. Rem-
bert's Admr.*, 63 Ala. 561; *Mansfield v. Dyer*, 131 Mass.
200; *Dunn v. Dunn*, 82 Ind. 42; *Hill v. Pine River
Bank*, 45 N. H. 300; *Walton v. Tusten*, 49 Miss. 569. As
between the parties such a conveyance is as if a full
and adequate consideration had been paid. Wait,
Fraudulent Conveyances (2d ed.) § 395.

The conveyance from Andrew to Margaret E.
Weymouth was in form legally sufficient to pass all of
the title and interest of the husband to the lands in
question. As between the parties the conveyance was
absolute and good as against the grantor, and no in-

terest, legal or equitable, remained in the grantor upon which a lien of a judgment subsequently rendered could attach. *Miller v. Sherry*, 2 Wall. 237; *Howland v. Knox*, 59 Iowa, 46 (12 N. W. 777): *Lippencott v. Wilson*, 40 Iowa, 425; *Shorten v. Drake*, 38 Ohio St. 76; *In re Estes*, 3 Fed. 134; Bump, Fraudulent Conveyances (3d ed.), p. 496; *Fletcher v. Peck*, 6 Cranch, 87.

In *Miller v. Sherry, supra,* the court say:

"The judgment obtained by Mills & Bliss was the elder one, but it was subsequent to the conveyance from Miller to Williams. It is not contended that the judgment was a lien on the premises. *The legal title having passed from the judgment debtor before its rendition, by a deed valid as between him and his grantee, it could not have that effect by operation of law.*"

In *Fletcher v. Peck, supra,* the Supreme Court of the United States, speaking by Chief Justice MARSHALL, at page 133, say :

" If a suit be brought to set aside a conveyance obtained by fraud, and the fraud be clearly proved, the conveyance will be set aside, as between the parties ; but the rights of third persons, who are purchasers without notice, for a valuable consideration, cannot be disregarded. Titles, which, according to every legal test, are perfect, are acquired with that confidence which is inspired by the opinion that the purchaser is safe. If there be any concealed defect, arising from the conduct of those who had held the property long before he acquired it, of which he had no notice, that concealed defect cannot be set up against him."

In Bump on Fraudulent Conveyances, *supra,* at page 496, that learned author says :

" In the case of a fraudulent transfer of land, *a subsequent judgment against the grantor is not constructive notice to a purchaser from the grantee,* for upon searching the records and finding the transfer, the person who is about to purchase is not bound to go further and search the records for the purpose of

ascertaining whether subsequent judgments may not have been recovered against the debtor."

*In re Estes, supra,* Judge DEADY, after a full review of the authorities upon the question, says, at page 141:

" In my own opinion, the lien of a judgment which is limited by law *to the property of or belonging to the judgment debtor* at the time of the docketing does not nor cannot, without doing violence to this language, be held to extend to property previously conveyed by the debtor to another, by deed valid and binding between the parties. A conveyance in fraud of creditors, although declared by the statute to be void as to them, is nevertheless valid as between the parties and their representatives, and passes all the estate of the grantor to the grantee; and a *bona fide* purchaser from such grantee takes such estate, even against the creditors of the fraudulent grantor, purged of the anterior fraud that affected the title."

At the date of the entry of the judgment in favor of the bank, and the filing of the transcript, the legal title to the premises in question was in Margaret E. Weymouth and not in the judgment debtor. Hence, no lien attached to the land as a consequence of said judgment or of the filing of the transcript, and the subsequent conveyances by the respondent Margaret E. Weymouth and her husband, to DeLanty and Strong, for value, prior to any proceedings taken by said judgment creditor attacking the transfer from the husband to the wife, were sufficient and must be upheld.

For these reasons the decree will be in all things affirmed.

ANDERS, DUNBAR and SCOTT, JJ., concur.

HOYT, C. J., dissents.