UNITED STATES v. EISENBEIS et al. (HOGG, Intervener).

(District Court, D. Washington, N. D.    June 18, 1898.)

1. FEDERAL COURTS—FOLLOWING STATE DECISIONS.
   Whether a mere equitable interest in lands becomes impressed with the lien of a judgment against the owner of such interest is a question of local law, in regard to which the federal courts will follow the state decisions.

2. JUDGMENT LIENS—EQUITABLE INTERESTS IN LANDS.
   The equitable interest of one who has conveyed the legal title in his lands to third parties, for the purpose of defrauding his creditors, does not, in the state of Washington, become impressed with the lien of a judgment thereafter rendered against him.

3. DEPOSITS IN COURT—CONDEMNATION PROCEEDINGS—RIGHTS OF CREDITORS.
   Money in court awaiting distribution to those in whose favor awards have been made in condemnation proceedings instituted by the govern-

ment cannot be intercepted by means of a creditors' bill, or intervening petition in the nature thereof. Such a proceeding would be, in effect, a suit against the government and the clerk of court, to make them liable as garnishees.

John E. Humphries, for intervener.
Allen Weir, for respondents.

HANFORD, District Judge. This suit was instituted by the government of the United States against the several owners of a tract of land for condemnation of said land for the use of the government as a site for the Point Wilson fortifications. All persons who, by the public records, appear to have been owners of any part of the tract required, or of any interest therein, or having liens thereon, were made defendants. The list includes Henry Bash and his wife, and their son, Francis L. Bash, and their daughter, Clementine B. Long, and her husband, B. M. Long. By the judgment of the court it was determined that said Francis L. Bash and B. M. Long were the owners of undivided interests of part of the tract condemned, and compensation therefor was awarded to them. After the trial and final adjudication of the rights of the parties, J. B. Hogg, as administrator of the estate of George E. Hogg, deceased, by leave of the court, filed a petition, as an intervener, for the purpose of contesting the right of said Francis L. Bash and B. M. Long to receive the money awarded to them as compensation for their interests in said land, and in his petition the intervener prays to have said money paid to him, and applied in satisfaction of a judgment rendered by the superior court of the state of Washington for Jefferson county, in the month of April, 1893, in favor of George E. Hogg and against Henry Bash. The amended petition avers that on and prior to the 30th day of May, 1892, said Henry Bash and Charles Eisenbeis were the owners as tenants in common of part of said tract of land described in the amended petition; and on said day, for the purpose of defrauding the creditors of said Henry Bash, he conveyed the legal title to his interest in said property to said Francis L. Bash and B. M. Long, without consideration, and his said grantees took the title, and have since held the same, merely as trustees for said Henry Bash, who has been ever since and is the real owner thereof, and by reason of his ownership the said judgment in favor of George E. Hogg became a lien upon said property, and continued to be a lien, up to and including the time of the condemnation proceedings herein. The amended petition also avers that the debt for which said judgment was rendered was a community debt of said Henry Bash and his wife, and that said Henry Bash at all times since the date of said judgment has been insolvent, having no property upon which an execution could be levied, except his interest in said land, and that said judgment remains wholly unsatisfied. The case has been argued and submitted upon a demurrer to said amended petition.

In the argument the attorney for the intervener has expressly disclaimed intention to attack the validity of the conveyance from Henry Bash and wife to Francis L. Bash and B. M. Long, on the ground that the same was executed on Memorial Day, and in the amended

petition it is averred explicitly that the legal title was conveyed to, and became fully vested in, said Francis L. Bash and B. M. Long. The main question in the case, therefore, is whether, under the laws of this state, a mere equitable interest in real estate becomes impressed with the lien of a judgment against the owner of such equitable interest. This is a question of local law, because a judgment of a state court in a personal action becomes a lien upon real estate of the judgment debtor only by force of the statutes of the state; and the supreme court of this state having passed upon the question, and rendered a decision declaratory of the law of this state, it becomes the duty of this court to accept that decision as conclusive, and follow it. In the case of Sawtelle v. Weymouth, 14 Wash. 21, 43 Pac. 1101, the question now under consideration was considered and decided by the supreme court of this state. In that case a judgment creditor claimed a lien upon real estate, which prior to the date of the judgment had been conveyed by the judgment debtor to his wife, without consideration, and thereafter transferred by the husband and wife to other near relatives in payment of existing debts. In the opinion by Mr. Justice Gordon, the court said that, at the date of entry of the judgment, the legal title to the premises in question was in Margaret E. Weymouth, the wife of the judgment debtor. "Hence no lien attached to the land as a consequence of said judgment or of the filing of the transcript, and the subsequent conveyances by the respondent Margaret E. Weymouth and her husband to De Lanty and Strong, for value, prior to any proceedings taken by said creditor, attacking the transfer from the husband to the wife, were sufficient, and would be upheld." In this case the legal title was conveyed by the judgment debtor prior to the date of the judgment. No proceedings were commenced by the intervener or his testator attacking the validity of the transfer of title from Henry Bash and wife to their son and son-in-law until after the trial and determination of the issues in the condemnation proceedings by which the land was appropriated by the United States government. In effect, the legal title and the interest of all the parties named as defendants was, by the final judgment herein, conveyed to the government, so that the case comes fairly within the rule laid down by the supreme court of this state in the case above cited. The judgment set forth in the intervener's petition never became a lien upon any part of the land appropriated by these proceedings. Therefore the petition fails to show that the intervener has any just or legal claim to any part of the money paid into the registry, or any standing to contest the right of the parties to whom said money has been awarded to receive the same.

The intervener's amended petition cannot be treated as a creditors' bill, and he cannot be permitted to intercept the passage of money from the government of the United States to the persons to whom compensation was awarded, while that money remains in the custody of this court, for two reasons: First. Such a proceeding would be, in effect, a suit against the government of the United States, and, the clerk of this court having legal custody of the funds, to make them liable to the intervener, as garnishee. Proceedings of

this nature, to reach funds in legal custody, are not tolerated. Second. The intervener's amended petition is insufficient as a creditors' bill for the reason that it does not aver that an execution has been issued upon the judgment, and returned nulla bona, nor that the legal remedies for enforcing the judgment have been exhausted. Demurrer sustained.