THOMAS L. PIERCE *vs.* JOHN B. O'BRIEN (afterwards MARY E. O'BRIEN, executrix).

Suffolk.     March 20, 1905. — September 8, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, HAMMOND, & BRALEY, JJ.

*Sale. Fraud. Practice, Civil,* Exceptions. *Conversion. Damages.*

In this Commonwealth, a creditor of one who has sold goods for a valuable consideration can avoid the sale on the ground of fraud only by showing that the purchaser at the time he bought the goods had knowledge of the fraud.

No exception lies to the refusal of a judge to make a ruling upon the uncontroverted facts in a case, if there are facts in dispute material to the issue.

In an action for the alleged conversion of a stock in trade consisting of office furniture, the measure of damages is the fair market value of the goods at the time of the conversion, and this may be arrived at by taking the wholesale prices of the several articles constituting the stock.

LATHROP, J.     This is an action of tort against the former sheriff of Suffolk County, for a conversion of the goods of the plaintiff, by reason of an attachment by one of the defendant's deputies, of a stock of office furniture, on October 18, 1893, on a writ in favor of the Corbin Cabinet Lock Company, a Connecticut corporation, against the Indianapolis Cabinet Company, from

which the plaintiff purchased the goods. The defendant died during the action, and the action was defended by the executrix of his will. The case was sent to an auditor who found for the plaintiff. It was afterwards tried by a judge of the Superior Court with a jury, and a verdict was returned for the plaintiff. The case is before us on the defendant's exceptions to the refusal of the judge to give twenty-four of the thirty-three rulings requested by the defendant, and to the instructions given, so far as they were in conflict with these requests. Many of the requests were not insisted upon at the argument, and we treat them as waived. Other rulings requested were given in substance though not in form. We proceed to consider the case so far as argued.

The facts in the case may be briefly outlined as follows: The Indianapolis Cabinet Company was a corporation doing business at Indianapolis, Indiana, in the manufacture and sale of office and other furniture. Its capital stock was $150,000. It had six branches or sub-companies, in different parts of the country. One of these companies, called the Indiana Cabinet Company, was situated in Boston. It was a corporation with a capital stock of $10,000, of which $75 had been paid in. All its stockholders and officers were either officers or employees of the Indianapolis Cabinet Company. It seems to have been treated at the trial as merely a branch of the Indianapolis Cabinet Company, and we shall so consider it.

The principal issue in the case was whether the sale of the stock of goods in the Boston store, by the Indianapolis Cabinet Company to the plaintiff on August 1, 1893, was fraudulent and void as to the creditors of the sellers, the Corbin Cabinet Lock Company being one of such creditors.

The first request which was refused was that upon all the evidence the plaintiff was not entitled to recover. There was much evidence in the case to show that the sale was fraudulent and void, that it was made to hinder, delay and defraud the creditors of the seller, and that the plaintiff participated in the scheme of fraud. But there was also evidence that the plaintiff was innocent of the fraud. The question was for the jury, and the plaintiff had put in the auditor's report which was *prima facie* evidence in his favor.

The defendant's counsel, without referring to specific requests for instructions, contends in his brief as follows : " The defendant in several requests for rulings maintained that in this case the plaintiff could not recover if he knew, or as a reasonable man ought to have known, that the Indianapolis Cabinet Company intended to defraud its creditors." The judge ruled that actual knowledge by the plaintiff must be shown. The defendant then goes on to admit that there are Massachusetts cases in which it is said that where an owner transfers property with the intention of defrauding his creditors, the grantee nevertheless is protected, if he gave a valuable consideration therefor, and did not actually know or participate in the fraud. The requests must be overruled.

Whatever may be the rule in other States it is well settled in this Commonwealth that there is a distinction between belief and reasonable cause to believe, and knowledge and reasonable cause to have such knowledge. To hold a purchaser liable for the fraud of the seller it must be shown that at the time of the purchase he had knowledge of the fraud, if he was a purchaser for a valuable consideration. *Kittredge* v. *Sumner*, 11 Pick. 50. *Foster* v. *Hall*, 12 Pick. 89. *Marden* v. *Babcock*, 2 Met. 99. *Johnson* v. *Johnson*, 3 Met. 63. *Green* v. *Tanner*, 8 Met. 411, 419. *Banfield* v. *Whipple*, 14 Allen, 13. *Snow* v. *Paine*, 114 Mass. 520. *Carroll* v. *Hayward*, 124 Mass. 120. *Bristol County Savings Bank* v. *Keavy*, 128 Mass. 298. *Morse* v. *Aldrich*, 130 Mass. 578. *Mansfield* v. *Dyer*, 131 Mass. 200. *Hill* v. *Ahern*, 135 Mass. 158. *Carr* v. *Briggs*, 156 Mass. 78.

Next it is contended that there was no valuable consideration paid by the plaintiff. It appears from the auditor's report that the plaintiff signed and gave thirty-four promissory notes, which aggregated the value of the goods. He also undertook the payment of $3,370.15, of accounts due by the vendors, under the bill of sale, and became liable for that amount. There can be no doubt that these acts on the part of the plaintiff were a legal detriment to the plaintiff, and that there was evidence for the jury on this question. *Green* v. *Tanner*, 8 Met. 411. See also *Bridge* v. *Eggleston*, 14 Mass. 245.

There is a further answer to this claim of the defendant. He states in his brief that this question is raised under the second

and third requests for instructions. The second request is as follows: "Upon the uncontroverted facts in the case, the attempted transfer of title to the plaintiff was fraudulent and void and he cannot recover in this action." The third request is based also upon "the uncontroverted facts," and upon the assumption that "he knew, or had reason to know," the insolvent condition of the vendor. The judge was not required to pick out the uncontroverted facts, and rule upon them, unless the disputed facts were immaterial to the issue. The case was to be tried upon all the material evidence. *Kellogg* v. *Tompson*, 142 Mass. 76, 80. *Packer* v. *Thomson-Houston Electric Co.* 175 Mass. 496, 500.

The thirty-second and thirty-third requests were given in substance by the judge in his charge to the jury.

The remaining requests relate to the measure of damages, the defendant contending that the wholesale value of the goods should be taken and not the retail value. The auditor found that the fair market value of the goods taken on October 18, 1893, was on that day $9,000; that he arrived at this result by taking the value of the stock as a whole, that is to say, the wholesale prices of the several articles constituting such stock. He then stated alternatively that the value at retail would be $12,000. He concluded his report by stating that he found for the plaintiff in the sum of $9,000, with interest thereon from October 18, 1893. The judge instructed the jury, that as the plaintiffs were content to take $9,000, and interest, they could not return a verdict for a larger sum; that in considering the damages they were to consider the evidence put in by the defendant, namely, the appraisal, and the amount the goods brought when sold by auction. The jury returned a verdict for $14,500, which was apparently $9,000 and interest.

We do not see that the defendant was in any way harmed by the refusal to give the instructions requested, or by the instructions given.

We may add that the charge of the judge treated the case in a fair and impartial manner, and we find no ground of exception to any part of it.  *Exceptions overruled.*

*F. L. Hungerford* (of Connecticut) & *S. J. Elder*, (*H. W. Barnum* with them,) for the defendant.

*E. R. Anderson*, (*A. T. Smith* with him,) for the plaintiff.