SWART *v.* OAKLEY *et al.*

(*Supreme Court, Special Term, New York County.* November, 1888.)

CREDITORS' BILL—PAYMENT UNDER ORDER OF COURT.

A defendant in a creditors' bill, who holds money of the debtor as custodian under an order of court in another proceeding, is not prevented, by the mere service of summons and complaint in the creditors' suit, from subsequently paying out the money in compliance with an order of the court by whose order it was deposited.

Action by judgment creditor to have a conveyance declared fraudulent and void. On motion for judgment.

*George Putnam Smith,* for plaintiff. *Butler, Stillman & Hubbard,* (*Adrian H. Joline,* of counsel,) for Central Trust Company. *George C. Lay,* for defendant Martin.

BEACH, J. The plaintiff, assignee of a judgment against defendant Emily B. Oakley, brings suit to declare fraudulent and void a conveyance of realty by said defendant as having been made without consideration, when indebted to plaintiff's assignor, who subsequently obtained a judgment for the debt. Emily B. Oakley had mortgaged the property. The mortgagees foreclosed, and upon a sale the surplus moneys were, by order of the court, deposited with defendant the Central Trust Company, presumably to the credit of the action, and to be disposed of under the court's order. The conveyance attacked conveyed a life-estate to grantor's father and mother, with remainder over after survivor's death to their children then living, and to the heirs of those deceased. The sum found due those having a life-estate was calculated, and paid out to them. Thereafter the defendant trust company, under and by virtue of an order of the court, paid the balance to the children in remainder, including the defendant Emily B. Oakley. Before this payment was made, the trust company had been served with a copy of the summons and complaint in this action. The plaintiff contends that the defendant company should not have paid over the fund, even in obedience to an order of the court, having notice of his claim by service of the summons and complaint, and did so at its peril. I have examined the authorities cited, and find none going further than holding that the plaintiff in a creditors' bill, by beginning suit, acquires an equitable lien upon the debtor's choses in action as between himself and the debtor, who cannot assign save subject to the lien. *Roberts* v. *Railroad Co.,* 25 Barb. 662; *Storm* v. *Waddell,* 2 Sandf. Ch. 494. Granting that a lien exists, I cannot see how it could attach to any part of the fund except Emily B. Oakley's. To give it wider scope would make beginning the suit of equal potency with a decree adjudging the deed void, and the fund the property of defendant. But I am of opinion that the order of the court protects the defendant trust company. It was the depository of the court, bound to obey its order without question. The fund was *in custodia legis,* and the court could not permit a violation of its order by the custodian holding expressly subject to and under it. Besides, no reasonably cautious depository would thus receive funds, exposed, on the one hand, to punishment for contempt, and, on the other, to the serious burden of double payment, all because of being made defendant in a litigation which, if successfully prosecuted, would affect the fund. The bringing suit would in such case operate as an injunction *pendente lite.* This view appears to be sustained by *People* v. *Randall,* 73 N. Y. 416, where the chamberlain paid over moneys deposited as in the case at bar. It is quite true the point was not directly involved, but the payment by the chamberlain was a fact pertinent to the decision, and the court say: "But the chamberlain had the right to pay out this fund for another reason. The order of the court of common pleas of January 7, 1874, ordering him to pay the fund, is a sufficient protection to him. He had nothing to do with its procurement, and was in no way responsible for the man-

ner in which it was procured. As to him, it was a valid order, and superseded the prior restraining order made by the same court." What the plaintiff claims was affected by service of the summons and complaint could not have been, in my opinion, without a restraining order of the court, operative upon the defendant company and duly served. A decree is directed dismissing the complaint upon the merits, with costs as against the defendant trust company, and for plaintiff against the individual defendant, with costs.