### In re McNULTY et al.

(Supreme Court, Special Term, New York County.   July 2, 1910.)

DEPOSITS IN COURT (§ 8*)—PAYMENT—JUSTIFICATION.

A payment by the city chamberlain of money deposited with him to the credit of an action for the sale of real estate, subject to order of the court, made to a person pursuant to an order directing the payment to such person, is an absolute protection to the chamberlain, where he had nothing to do with the procurement of the order directing such payment, and the person rightfully entitled to the fund has merely a remedy against the wrongdoer.

[Ed. Note.—For other cases, see Deposits in Court, Cent. Dig. § 8; Dec. Dig. § 8.*]

Application of John McNulty and others, infants, for the sale of real estate.  On motion by Catharine McNulty to vacate an order directing a former city chamberlain to pay certain moneys, and to direct the present chamberlain to pay over such moneys to the petitioner. Denied.

Benjamin Kausser, for petitioner.

Archibald R. Watson, Corp. Counsel (Charles A. O'Neill, of counsel), for respondent.

GIEGERICH, J.   On May 5, 1885, an order was made by the court in this matter directing the special guardian to deposit certain moneys with the city chamberlain to the credit of the action and subject to the order of the court as to distribution.   It appears that on the 14th day of May, 1904, the shares of all the infants, except Catharine McNulty, had already been paid out by various orders of the court. On the day last mentioned this court made an order in this matter, directing the chamberlain to pay to Catharine McNulty, or her attorney, the moneys in his hands to the credit of the petitioner, the said Catharine McNulty, with all accrued interest earned or received thereon, less his commissions.   The order recites the petition of Catharine McNulty, verified May 11, 1904, and the affidavits of John McNulty and Mary McNulty, verified May 11, 1904, and the certificate of the city chamberlain.   The petition and affidavits alleged specifically "that the petitioner was the identical infant person named in the proceeding in which the money was paid into court," and that she was of full age.   On the 14th day of May, 1904, on presentation of a certified copy of the order of May 13, 1904, and duly countersigned, a check to the order of Catharine McNulty, or J. J. Fleury, attorney, was delivered to the latter, and the check was paid, and bears the indorsement of Catharine McNulty; and the

answering affidavit alleges that the Catharine McNulty who indorsed the check is the same individual who petitioned the court, and was the person intended by the court to receive the money.

One Catharine McNulty Carroll now seeks to vacate the said order of May 13, 1904, and further asks an order directing the present city chamberlain to pay to her all moneys alleged to have been deposited to her credit with him in this matter, on the ground that she is the identical person named as Catharine McNulty, infant, in this proceeding, and that the moneys deposited to her credit have never been paid to her. Mrs. Carroll in her petition further alleges that the signature, Catharine McNulty, affixed to the petition of May 11, 1904, is not hers, and that she never signed any affidavit or legal document in any proceeding to collect the said sum of money deposited to her credit. The present chamberlain entered upon the duties of his office on January 4, 1910. When the moneys were so paid pursuant to the order of this court Patrick Keenan was the city chamberlain. He died on May 5, 1907, and was succeeded by James J. Martin. The funds in suit were never in the hands of the present chamberlain, and hence he is not liable therefor. So far as the late Chamberlain Keenan is concerned, the order of May 13, 1904, directing him to pay the fund, would seem to be a sufficient protection to him at the time when he acted upon it. It is not claimed that he had anything to do with its procurement, or that he was in any way responsible for the manner in which it was procured, and therefore, upon obeying such order, he was relieved from all further liability. Swart v. Oakley, 22 Abb. N. C. 125, 128, 6 N. Y. Supp. 710; Swart v. Central Trust Co., 54 Hun, 636, 7 N. Y. Supp. 558; People ex rel. Morris v. Randall, 73 N. Y. 416, 422; Keiley v. Dusenbury, 42 N. Y. Super. Ct. 238, 243.

The order of May 13, 1904, is sought to be vacated without giving notice to the person who procured it. While the first branch of the motion might therefore be properly denied for lack of notice, I prefer to place the denial squarely upon the ground that the payment by Chamberlain Keenan of the moneys pursuant to such order to the person who was intended by the court to receive the same was an absolute protection to him. As it was a sufficient protection to him, there can be no object in vacating it, because such vacatur at this time would not be permitted to work an injury to his estate; he having acted in proper reliance upon it before it was vacated. If the present petitioner is rightfully entitled to the funds, she has her remedy against the wrongdoer (Keiley v. Dusenbury, supra, at page 243), notwithstanding the existence of the order wrongfully procured.

The second branch of the motion, which seeks to compel the present chamberlain to pay over the money to the petitioner, must also be denied, because the present chamberlain is not liable for funds which concededly never came into his hands.

Motion denied, without costs.