ROBERTS *vs.* THE ALBANY AND WEST STOCKBRIDGE RAIL
ROAD COMPANY.

Upon the commencement of a creditor's suit, the plaintiffs therein obtain a lien
on all the choses in action of the judgment debtor. All the title the judgment
debtor has, or can assign to another, is subject to that lien.

Hence if, after he has executed an assignment of his property to a receiver ap-
pointed in the creditor's suit, the judgment debtor becomes a bankrupt, the
receiver has a title superior to that of the general assignee in bankruptcy; and
his release of a debt owing to the bankrupt will discharge the debtor, so that
neither the general assignee in bankruptcy nor any purchaser from him, can
sustain an action to recover the debt.

APPEAL from a judgment entered upon the report of a
referee. F. T. Hayes and others, having obtained a judg-
ment against John Rutter, filed a creditor's bill against him on
the 1st of November, 1842, and obtained an injunction restrain-
ing him from disposing of his property. A receiver was also
appointed. On the 24th of November, 1842, Rutter made the
usual assignment of his property to the receiver. Rutter, at the
time of the filing of the creditor's bill, had a claim against the
defendants. In December, 1844, the receiver demanded pay-
ment from the defendants of the sum claimed, and having ad-
justed the amount at $1000, received that sum from them, exe-
cuted a discharge to them, and gave them an indemuity against
any claim of the general assignee in bankruptcy of Rutter.
The amount then due on the Hayes judgment was $628. On
the 9th of November, 1842, eight days after the creditor's bill
was filed and the action commenced, Rutter petitioned for his
discharge as a bankrupt. On the 9th of December, in the
same year, the decree in bankruptcy was passed, and Rutter
received his discharge in April, 1843. On the 22d of February,
1847, the general assignee in bankruptcy sold the claim of Rut-
ter against the defendants, at auction; the plaintiff becoming
the purchaser. This action was brought to enforce the claim.
The referee reported in favor of the defendants, and the plain-
tiff appealed.

Roberts *v.* Albany and West Stockbridge R. R. Co.

*John Cook,* for the appellant.

*S. D. Van Schaick,* for the respondents.

*By the Court,* MITCHELL, P. J. As soon as the judgment creditor's suit was instituted, the plaintiffs in that suit obtained a lien on all the choses in action of Rutter. All the title he had was subject to that lien ; all that he could pass was subject to it. When the receiver was appointed (whether Rutter assigned to him or not) he acquired the title to those choses in action, which Rutter had when the action was commenced. In contemplation of law the title vested in the court when the action was commenced, and passed as from that date, to the receiver. The right of Rutter or his creditors, after the assignment, was only to any surplus that might be realized from the sales of the debtor's assets beyond the amount payable to the complainants in the creditors' suit. That right the present plaintiff may still have against the receiver ; but as the receiver had power to collect the whole debt, his settlement of the same discharged the defendants from any liability to Rutter or his assignees ; no fraud in the settlement being imputed.

When Rutter presented his petition for his discharge in bankruptcy, eight days after the creditors' bill was filed, he could make no assignment or surrender of property, in that proceeding, except such as was subject to the previous transfer of title which was effected by the creditors' bill. He could make no greater assignment voluntarily, and a bankrupt can pass no greater title to his assignee in bankruptcy than he can pass to a private person, (unless the case of a previous assignment in favor of creditors be an exception.) He can do only what he is required to do—surrender his own property ; not that to which others have acquired a title from him. The right of the complainant in a creditor's bill is sometimes called a lien, but it gives an immediate right to have a transfer of the defendant's property made to a receiver. So that as between the receiver and a subsequent assignee, the title to the property itself passes

Roberts *v.* Albany and West Stockbridge R. R. Co.

to the receiver, and from the judgment debtor. The judgment debtor may assign his title subject to the receiver's title, but he cannot thus pass the title to the thing assigned, from the receiver; but only the right to any surplus that may remain after satisfying the claims represented by the receiver.

The receiver therefore had a title superior to that of the general assignee in bankruptcy, and his release discharged the defendants; so that neither the general assignee nor any purchaser from him can sustain an action, upon the claim, against the defendants.

The judgment should be affirmed, with costs.

[NEW YORK GENERAL TERM, November 2, 1857. *Mitchell*, *Roosevelt* and *Peabody*, Justices.]