[No. 3326. Decided March 9, 1900.]

PRESTON-PARTON MILLING COMPANY, *Respondent,* v. DEXTER HORTON & COMPANY, *Appellant,* W. H. MOYER, *Sheriff of King County, Respondent.*

JUDGMENT—LIEN—PRIOR FRAUDULENT CONVEYANCE.

A fraudulent conveyance of lands is good as between the parties and passes title, so that a subsequent judgment creditor acquires no lien on the lands thus fraudulently conveyed, for the reason that no interest in such lands remains in the grantor upon which a judgment lien can attach.

FRAUDULENT CONVEYANCES—RIGHTS OF JUDGMENT CREDITORS.

A judgment creditor, who, by suit in equity, has a deed by his judgment debtor to another set aside as fraudulent against himself as a creditor, and obtains a decree subjecting the property to sale under his judgment, and bids it in under such sale, obtains thereby a title superior to that of a prior judgment creditor who treats the fraudulent conveyance as void and purchases the property at a sale under execution upon his prior judgment.

SAME—MORTGAGE BY FRAUDULENT GRANTEE—REDEMPTION FROM FORECLOSURE SALE.

Where lands fraudulently conveyed have been mortgaged by the grantee and subsequently sold under foreclosure proceedings, a judgment creditor of the fraudulent grantor, who has failed to have the fraudulent conveyance set aside, but has had the property sold upon execution under his judgment and has bid it in, is not entitled to redeem from the foreclosure, as he does not occupy the position of a successor in interest, nor of a judgment creditor of the mortgagor.

INJUNCTION—WHEN LIES.

A plaintiff is entitled to injunctive relief where it appears that he would be compelled to part with an incident of title to one who has shown no right to obtain it.

Appeal from Superior Court, King County. — Hon. WILLIAM HICKMAN MOORE, Judge. Affirmed.

*E. F. Blaine,* for appellant.

*Allen & Allen,* for respondent.

The opinion of the court was delivered by

REAVIS, J.—Suit to enjoin the redemption of real property in Seattle. The plaintiff filed its complaint in the superior court of King county, stating substantially the following facts:    That on January 11, 1896, the defendant Dexter Horton & Co. recovered a judgment against W. A. Harrington and wife; that on March 19, 1896, the McDougall & Southwick Co. recovered a judgment against W. A. Harrington and wife; that on April 22, 1896, the plaintiff milling company recovered a judgment against

the same defendants; that theretofore, on March 14, 1893, Harrington and wife had executed a deed to John H. Middleton of certain described real estate in Seattle; that on the 14th of November, 1895, Middleton and wife mortgaged the same property to one Griswold; that on the 24th day of April, 1896, the McDougall & Southwick Co. and the plaintiff milling company commenced a joint action, but not for all creditors, against Harrington and wife and Middleton and wife, to have the deed declared fraudulent and void and set aside, and the said property subjected to the lien of their judgment only, and, when the action was commenced, filed notice of *lis pendens*; that on the 28th of April, 1896, the defendant, Dexter Horton & Co., caused an execution to issue and be levied, and on the 29th of May, 1896, all the right, title, and interest of the Harringtons in and to the property was sold by the sheriff, and purchased by the appellant, and a sheriff's deed was exe· cuted to it; that in April, 1897, in the joint action of the McDougall & Southwick Co. and the milling company, judgment was entered in their favor, setting aside the deed from the Harringtons to Middleton and declaring it fraudulent, and the property was sold under the decree entered in said action, and the sale was thereupon confirmed; that on the 21st day of December, 1898, the sheriff executed a deed to the joint judgment creditors for the property purchased by them, and thereafter the McDougall & Southwick Co. quit-claimed its interest in the property to the Preston-Parton Milling Co., plaintiff; that on August 28, 1897, Griswold commenced a suit to foreclose his mortgage on the property against Middleton and wife, and the McDougall & Southwick Co., and plaintiff and appellant herein, and recovered judgment, and the premises were sold under a decree of foreclosure, and the sale was confirmed, and thereafter Griswold received a certificate of purchase from the sheriff and assigned the same to the

plaintiff milling company; that on the 4th day of January, 1899, the appellant gave notice that it would redeem the property from the sale made under the Griswold foreclosure; that the sheriff will, unless restrained, issue a certificate of redemption therefor to appellant, and appellant is not entitled to redeem the property, and has no right to demand a redemption, as it is not the successor in interest of said Middleton and is not a subsequent incumbrancer and has no rights in the property as against the plaintiff.

A general demurrer was interposed to the complaint by the defendants, which was overruled, and only Dexter Horton & Co. appealed.

1.   The main question presented here is the right of the appellant to redeem the property in controversy.   The appellant obtained the prior judgment against Harrington and wife, but that judgment was not a lien upon the premises conveyed by Harrington and wife to Middleton.   *Sawtelle v. Weymouth,* 14 Wash. 21 (43 Pac. 1101).   In that case it appears that on July 21, 1892, the community of Weymouth and wife was the owner of real property and Weymouth conveyed the same to his wife.   In June, in the following year, a judgment was rendered against Weymouth in favor of a bank upon a note executed by Weymouth in April, 1890,—the note being a community debt, —and a transcript of the judgment was duly filed in the auditor's office.   After the filing of the transcript of the judgment, in December, 1893, the wife, with Weymouth her husband joining her, conveyed a part of the real property mentioned to one DeLanty, and the remainder to Strong,—two prior creditors.   Thereupon an action was commenced by the receiver of the bank to set aside the conveyances to DeLanty and Strong.   The judgment went against the plaintiff.   The court observed:

" The conveyance from Andrew to Margaret E. Weymouth was in form legally sufficient to pass all of the title

and interest of the husband to the lands in question. As between the parties the conveyance was absolute and good as against the grantor, and no interest, legal or equitable, remained in the grantor upon which a lien of a judgment subsequently rendered could attach."

And, concluding, the court said:

" At the date of the entry of the judgment in favor of the bank, and the filing of the transcript, the legal title to the premises in question was in Margaret E. Weymouth and not in the judgment debtor. Hence, no lien attached to the land as a consequence of said judgment or of the filing of the transcript, and the subsequent conveyances by the respondent Margaret E. Weymouth and her husband, to DeLanty and Strong, for value, prior to any proceedings taken by said judgment creditor attacking the transfer from the husband to the wife, were sufficient and must be upheld."

This case was followed and given effect in *United States v. Eisenbeis,* 88 Fed. 4. The statute referring to judgment liens is § 5132, Bal. Code:

" The real estate of any judgment debtor, and such as he may acquire, shall be held and bound to satisfy any judgment."

2.   But the most important contention of counsel for appellant is upon the effect of the levy and sale under the execution issued in favor of appellant's prior judgment against Harrington and wife. It is maintained that the creditor has a right to treat the fraudulent conveyance as void, and the judgment creditor may sell the land under execution upon his judgment, and the purchaser may impeach the conveyance of the land; that the sale under an execution of land fraudulently conveyed passes the legal title to the purchaser, and the conveyance to the fraudulent grantee is but a cloud upon it. A number of authorities are cited, among which are, *Smith v. Reid,* 134 N. Y. 568 (31 N. E. 1082); *Hager v. Shindler,* 29 Cal. 48; *Thom-*

*uson v. Neeley,* 50 Miss. 310; *Stix v. Chaytor,* 55 Ark. 116 (17 S. W. 707); *Taylor v. Branscombe,* 74 Iowa, 534 (38 N. W. 400); Wait, Fraudulent Conveyances, (3d ed.) p. 209; and others of like import.

3. The case of *Wagner v. Law,* 3 Wash. 500 (28 Pac. 1109, 28 Am. St. Rep. 56, 15 L. R. A. 784), seems to be relied upon for right to sell, where property is conveyed in fraud of creditors, upon execution against the fraudulent grantor. A careful examination of this case shows that it was an action by the judgment creditor to set aside a fraudulent conveyance which was alleged to be a cloud upon plaintiff's title. The plaintiff was a creditor and had, under execution, purchased the property. The real question in the case seemed to be that the judgment creditor had a right to maintain his action to set aside the fraudulent conveyance after he had enforced his execution under his judgment; that it was not then too late for him to maintain his action. The suit was between the judgment creditor and the fraudulent grantor and grantee. But it was also held in that case that the complaint did not state facts sufficient to constitute a cause of action, when it failed to allege that there was no other property of the judgment creditor at the time of the conveyance, out of which the creditor could satisfy his judgment. The decision of the case, upon the facts stated, is not inconsistent with the determination in *Sawtelle v. Weymouth, supra.*

Wait, Fraudulent Conveyances, (3d ed.) § 392, observes:

" The commencement of a creditor's suit in chancery by a judgment creditor   .   .   .   gives him a lien upon all the equitable assets of the debtor.   .   .   .   The first party to move is rewarded as a vigilant creditor, the commencement of his suit being regarded as an actual levy upon the equitable assets of his debtor, and entitles him to

a priority, unless he elects to bring the action for the benefit of himself and others similarly situated."

And the authorities collated appear to support the text of the author. *Bridgman v. McKissick,* 15 Iowa, 260; *Roberts v. Albany & W. S. R. R. Co.,* 25 Barb. 662; *Storm v. Waddell,* 2 Sandf. Ch. 494.

The plaintiff and its assignor, as judgment creditors prior to the levy under judgment of appellant upon the property of Harrington and wife, instituted a suit in equity (and filed notice of *lis pendens* at the time) to set aside the deed from Harrington and wife to Middleton as fraudulent against themselves as creditors. Judgment was given to the plaintiffs, declaring the deed void as against them and subjecting the property to their judgment and a decree of sale thereunder. Title derived by them under this sale would seem to be superior to any right obtained by appellant, under its execution and sale of the property of Harrington and wife. Upon the facts here, it is not a necessary implication that the conveyance from the Harringtons to Middleton was fraudulent as against appellant. *Wagner v. Law, supra,* did not go so far as to declare a conveyance fraudulent unless it was shown, in addition to the fraudulent intention of the judgment debtor and his grantee, that the judgment debtor also was not possessed of other property to satisfy the judgment. It would seem to follow necessarily that a conveyance of title valid in form and of record is not absolutely void, but in law the legal title passes, and must be divested finally by some appropriate adjudication. In that case the judgment creditor proceeded with the suit to declare the deed fraudulent, which was the action before the court. The appellant, as judgment creditor, has not proceeded any further than to levy and sell under his execution against Harrington and wife, and several years have elapsed. The plaintiff holds a certificate of purchase issued under a valid fore-

closure of Griswold against Middleton.   It cannot be said that appellant is a successor in interest or creditor of Middleton.   Upon the facts, appellant seems to have no right of redemption here, as such redemption, if now made, would ripen into a title in appellant, and would become a cloud upon the title claimed by plaintiff under the sale upon the decree issued in the suit to set aside the fraudulent deed.   The injury to the plaintiff requiring injunctive relief is that the plaintiff would be compelled to part with an incident of title, viz., the certificate of sale, and to one who has shown no right to obtain it.

The judgment is affirmed.

GORDON, C. J., and DUNBAR and FULLERTON, JJ., concur.