MAX FEUER, Plaintiff, v. LEOPOLD SCHALLER et al., Defendants.

(Supreme Court, Kings Special Term for Trials, April, 1921.)

Fraudulent conveyances — debtor and creditor — judgments — bona fide purchaser for value — evidence — Real Property Law, § 266 — Code Civ. Pro. § 1251.

> Under section 263 of the Real Property Law a conveyance of real property made by a debtor in fraud of creditors prior to the docket of a judgment against him is void, and the lien of the judgment, by virtue of section 1251 of the Code of Civil Procedure, attaches notwithstanding such conveyance.
>
> Where, however, it appears that before plaintiff's judgment had been docketed the fraudulent grantee of the judgment debtor, a brother-in-law, conveyed the property to one who it was conceded paid full value for it, and in an attack upon the last conveyance on the ground that the grantee, who had made payments on account of the purchase price before he had any notice which could possibly be said to charge him with bad faith, and for which in any event he would have a lien on the property, did not take the conveyance in good faith, it appears that the judgment debtor, representing to said grantee that he owned the property, entered into a contract to convey, and, upon a search of the title, the prior conveyance was disclosed, the judgment debtor said that the property was held for him by the grantee therein, who signed the deed to the last grantee, who paid the full consideration to the judgment debtor, the proof is insufficient to establish that the last grantee was not a *bona fide* purchaser in good faith, and he comes within section 266 of the Real Property Law and the conveyance to him is good.

ACTION by judgment creditor to set aside conveyances.

Supreme Court, April, 1921. [Vol. 115.

Nathaniel H. Kramer, for plaintiff.

Isaac Siegmeister, for defendants Schaller and Abramowitz.

Henry D. Levy, for defendant Schafran.

Samuel Silbiger, for defendant Newman.

CROPSEY, J. The conveyance by the judgment-debtor, Leopold Schaller, to his wife was in fraud of his creditors. So it can also be found that the conveyance from Schaller's wife to Abramowitz, a brother-in-law, was fraudulent. If there had been no other conveyance the plaintiff could succeed, for while section 1251 of the Code of Civil Procedure provides that a judgment is a lien on real property "which the judgment debtor has" at the time it is docketed, a conveyance made prior to its docket in fraud of the debtor's creditors is void under section 263 of the Real Property Law and hence the lien of the judgment would attach notwithstanding such conveyance. *White's Bank of Buffalo* v. *Farthing,* 101 N. Y. 344; *Smith* v. *Reid,* 134 id. 568, 577; *MacDonald* v. *MacDonald,* 42 N. Y. St. Repr. 480.

But before plaintiff's judgment was docketed Abramowitz had conveyed the property to Newman, who, it is conceded, paid full value for it. Newman's conveyance is attacked on the ground that he did not take it in good faith. It is conceded that Newman paid moneys on account of the purchase before he had any notice which could possibly be said to charge him with bad faith and so in any event he would have a lien upon the property for the amount so paid. *Elterman* v. *Hyman,* 192 N. Y. 113. The facts estab-

lished, however, are insufficient to establish that he is not a *bona fide* purchaser in good faith. It has been held that where a purchaser pays full value he is not chargeable with constructive notice that the conveyance to his grantor was fraudulent and that actual notice is required to affect his title. *Stearns* v. *Gage,* 79 N. Y. 102. But the better rule seems to be that it is not necessary to show actual notice of fraud and that it is sufficient if the facts within the purchaser's knowledge are of such a nature as in reason to put him upon inquiry and to excite the suspicion of an ordinarily prudent person, and if he fails to make an investigation he will be charged with the knowledge that a reasonable inquiry as suggested by the facts would have revealed. *Parker* v. *Conner,* 93 N. Y. 118; *Anderson* v. *Blood,* 152 id. 285. Here the established facts were not sufficient to require Newman to make an investigation. Leopold Schaller represented to Newman that he owned the property and he made a contract to sell it to Newman. When Newman's lawyer searched the title he found a conveyance from Schaller to his wife and from Mrs. Schaller to Abramowitz. Thereupon Schaller said that Abramowitz held the property for him and Abramowitz signed a deed to Newman and the consideration was all paid to Schaller. In fact Abramowitz had deeded the property to Schafran prior to that time and that deed had been recorded but Newman's attorney did not discover it. Later Schafran quit claimed to Abramowitz, and thus for the purposes of this case the deed to Schafran is of no concern. There is no evidence to show that Newman knew of plaintiff's judgment, although it was docketed two months before he took title, but it was not docketed until a number of months after Schaller had conveyed to his wife. Nor is there any proof that

Newman knew that Schaller was in financial difficulties and nothing to put him upon inquiry as to that. Newman was charged with knowledge of the conveyance by Schaller to his wife for a nominal consideration and of the later conveyance by her to Abramowitz, also for a nominal consideration, and the fact that Abramowitz held the property for Schaller; but this did not show that it was in fraud of creditors of any of the persons concerned. And even if Newman knew that Abramowitz was Schaller's brother-in-law the situation would not be different. In the absence of some notice of the fraudulent character of the conveyances Newman was under no obligation to make inquiry. The fact that property claimed to be owned by one person stood in the name of a dummy was insufficient to raise the presumption or even the suggestion that the person for whose benefit it was held was in financial difficulty. It is a common experience that property is so held where there is no fraudulent intent whatsoever. Newman being a purchaser for a valuable consideration and it not appearing " that he had previous notice of the fraudulent intent of his immediate grantor or of the fraud rendering void the title of such grantor " he comes within the provisions of section 266 of the Real Property Law, and his conveyance is good.

Judgment for the defendants, but without costs.