[No. 3819–1. Division One. May 16, 1977.]

PEARL GAGNE, ET AL, *Respondents,* v. ROBERT THOMAS
BAILEY, ET AL, *Appellants.*

*Keller, Rohrback, Waldo & Hiscock* and *Marlin L. Vort-
man,* for appellants.

*Casey, Pruzan, Kovarik & Shulkin* and *Martin Godsil,*
for respondents.

FARRIS, C.J.—Robert Thomas Bailey and Myrtle A.
Bailey, his mother, appeal from an order granting the

plaintiffs' motion for summary judgment to set aside a fraudulent conveyance and from the denial of their motion for summary judgment which sought to quiet title.

The facts are not in dispute. On January 28, 1968, Pearl Gagne and Cora Stone, Inc., as sellers, and Myrtle A. Bailey, as purchaser, entered into a real estate installment contract providing for the sale of a nursing home.

On January 23, 1973, Mrs. Bailey quitclaimed a one-half interest in two parcels of real estate to her son, Robert Thomas Bailey.

In November 1973, the plaintiff sellers obtained a $3,600 judgment against Mrs. Bailey for delinquent payments under the contract.

On January 11, 1974, pursuant to the November judgment, execution was levied on the two parcels of real estate which were the subject matter of the January 23, 1973, quitclaim deed. Robert T. Bailey was the purchaser at the sale. On March 13, 1974, a default judgment was entered on a second action (with the identical parties) to recover installment payments which came due on the contract subsequent to November 1973.

On March 31, 1975, plaintiff sellers, as judgment lien holders, moved for summary judgment to set aside the allegedly fraudulent conveyance. Robert Bailey answered and cross-complained. He alleged that he purchased both parcels at the January 11 sheriff's sale and cross-complained for damages for wrongful attachment and slander of title. He asked the court to quiet title in him as against the plaintiffs and to dismiss the writ of attachment.

On April 18, 1975, the plaintiff sellers' motion for summary judgment to set aside the fraudulent conveyance was granted.

This appeal questions whether a fraudulently conveyed title merges automatically into the title conveyed at a sheriff's sale to the fraudulent grantee. The Baileys assert that it does. They argue that both parcels were disposed of in their entirety at the sheriff's sale and conclude that since the purchaser at the sheriff's sale and the holder of the

January 23, 1973, quitclaim deed is the same person, it was not necessary for him to challenge the January 23, 1973, fraudulent conveyance by a quiet title action.

A judgment creditor may choose to levy execution upon a parcel which has been fraudulently conveyed in whole or in part by the judgment debtor without first clearing title. *See Crandall v. Lee*, 89 Wash. 115, 154 P. 190 (1916); 37 C.J.S. *Fraudulent Conveyances* §§ 308, 321 (1943); *see also Madget v. Jenkins*, 461 S.W.2d 768 (Mo. 1970). One who purchases such a parcel at an execution sale can clear that title by an appropriate action. *See Preston–Parton Milling Co. v. Dexter Horton & Co.*, 22 Wash. 236, 60 P. 412 (1900). But until that time, the fraudulent conveyance may be successfully attacked by a superior interest.

Here, the November 1973 judgment creditor levied execution without first removing the cloud upon the title created by the fraudulent conveyance. No action to remove that cloud was commenced until after the plaintiffs' second judgment lien attached to the one–half interest in the parcels. Thus, that judgment lien on the one–half interest has priority over the interest held by Bailey pursuant to either the sheriff's sale or the prior fraudulent conveyance even if, as he contends, both parcels in their entirety were subject to the sheriff's sale.

The trial court properly granted the plaintiffs' motion for summary judgment setting aside the fraudulent conveyance and denying Mr. Bailey's motion for summary judgment on his quiet title action.

Affirmed.

SWANSON and WILLIAMS, JJ., concur.

Petition for rehearing denied September 27, 1977.

Review by Supreme Court pending March 3, 1978.