In re John A. SCHNEIDER, Debtor.

Ronald F. MARVICK and Sybil L. Marvick, Plaintiffs,

v.

John A. SCHNEIDER; Steven M. Presba, individually and/or as Trustee of the Chief Living Trust; the Chief Living Trust; and William S. Weinstein, Trustee in Bankruptcy for the debtor, Defendants.

No. 86–01430.
Adv. No. A86–03980.

United States Bankruptcy Court, W.D. Washington, at Seattle.

March 10, 1989.

Timothy S. McCredie, Livengood, Silvernale, Kirkland, Wash., for plaintiffs.

Peter H. Arkison, Bellingham, Wash., for Trustee in Bankruptcy.

## OPINION ON MOTION FOR SUMMARY JUDGMENT

SAMUEL J. STEINER, Chief Judge.

The plaintiffs, the Marvicks, have filed a motion for summary judgment on the issue of priority against the proceeds of the sale of realty as between themselves and the trustee.

### FACTS

In 1985, the Marvicks commenced an action against the debtor in State Court wherein they sought a money judgment. On February 20, 1985, the debtor quitclaimed his real property in Kirkland, Washington to The Chief Living Trust for no consideration. On June 3, 1985, a judgment was entered in the State Court action in favor of the Marvicks and against the debtor in the sum of $40,127.76 plus interest, fees and costs; and on June 13, 1985, the Marvicks filed a lis pendens against the Kirkland property.

On February 25, 1986, the Marvicks filed a motion in the State Court case for an order to show cause and a motion to set aside the conveyance to The Chief Living Trust as a fraudulent conveyance. An order to show cause was issued which directed the debtor to appear for a hearing on March 6, 1986. The order was served on the debtor. Shortly thereafter, this bankruptcy was filed. The debtor then filed a response to the show cause order which stated in effect that he had filed bankruptcy and as a result the State Court no longer had jurisdiction. At or about this point, the Marvicks recorded a revised lis pendens.

On June 12, 1986, the Marvicks filed this adversary proceeding in which they sought relief from the automatic stay to proceed to set aside the fraudulent conveyance and which objected to discharge. Thereafter, the complaint was amended to include a cause of action to set aside the conveyance and to quiet title. The trustee joined in the action, also seeking to set aside the conveyance. This Court eventually ruled that the transfer of the property to The Chief Living Trust was in fact a fraudulent convey-

ance under RCW 19.40 (the Washington State Fraudulent Conveyance Act) and would be set aside. The judgment vested title to the property in the trustee pending further hearings on the relative priorities between the Marvicks and the trustee. The trustee is now in the process of selling the realty.

## DISCUSSION

■ The Marvicks' motion presents two theories. First, the Marvicks argue that they have a valid judgment lien, which is superior to the interest of the trustee, by virtue of their having taken action the State Court case to set aside the fraudulent conveyance, namely the show cause proceeding. They cite two cases in support of their position: *In re Bell*, 55 B.R. 246 (Bankr.M.D.Tenn.1985), and *Lawson v. Liberty Bank and Trust Company*, 18 B.R. 384 (W.D.N.Y.1982). Second, the Marvicks argue that they have an equitable lien against the proceeds of sale which is superior to the interest of the trustee. The argument is also based on the assertion that a creditor who takes action to set aside a fraudulent conveyance has an equitable lien against the property, which attaches at such time as the fraudulent conveyance is ultimately set aside, citing *Rainier National Bank v. McCracken*, 26 Wash.App. 498, 615 P.2d 469 (1980), and *Preston–Parton Milling Co. v. Dexter Horton Co.*, 22 Wash. 236, 60 P. 412 (1900).

In response, the trustee's main argument is to the effect that whatever action was taken by the Marvicks in the State Court proceeding was inadequate to obtain the relief now requested because they did not file a complaint to set aside the fraudulent conveyance nor did they serve a summons upon indispensable parties, that is the trust and its trustee.

RCW 19.40.090 is the applicable Washington statute regarding fraudulent conveyances. It provides:

(1) Where a conveyance or obligation is fraudulent as to a creditor, such creditor, when his claim has natured, may, as against any person except a purchaser for fair consideration without knowledge

of the fraud at the time of the purchase, or one who has derived title immediately or immediately from such a purchaser.

(a) Have the conveyance set aside or obligation annulled to the extent necessary to satisfy his claim, or

(b) Disregard the conveyance and attach or levy execution upon the property conveyed.

The Marvicks argument that a creditor who takes action following judgment to set aside a fraudulent conveyance has a judgment or an equitable lien when the conveyance is set aside that attaches as to the date of judgment is generally correct. However it appears that in all but one of the cases cited by the Marvicks, and those additional cases reviewed by the court, that the creditor had filed an action, that is a lawsuit, to set aside the conveyance.

The Marvicks rely heavily on *In re Bell*, 55 B.R. 246 (Bankr.M.D.Tenn.1985). In that case the debtors had transferred two pieces of real property to their siblings. Creditor Watts filed a suit in Chancery Court to set aside the fraudulent conveyances. In addition, Watts filed a notice of lis pendens against both properties. Creditor Union Planters also filed a suit to set aside the fraudulent conveyance and filed a notice of lis pendens. The court held that the creditors had valid liens upon the filing of the suits in Chancery and the filing of the notice of lis pendens. As stated by the *Bell* court,

"Watts has jumped through all of the right hoops. He filed suit on November 19, 1982 naming the debtors, the fraudulent transferees and the property. He filed his notice of lien lis pendens." *Id.* at 249.

The Marvicks have also cited *Lawson v. Liberty Bank and Trust Company*, 18 B.R. 384 (W.D.N.Y.1982) in support of their position. The Court notes that no action had been commenced in that case to set aside a fraudulent transfer. However, the Marvicks have misread the case. On October 9, 1979, the bank made a demand on the debtors' guarantee of a corporate debt. Twelve days later, the husband conveyed his interest, as a tenant by the entireties, in

the residence to the wife. On December 4, 1979, the debtors were served with a Summons and Complaint on the guarantees. On December 21, 1979, the wife conveyed title to the daughter. On January 25, 1980, the bank obtained a default judgment which was docketed on the same date. On May 13, 1980, the daughter reconveyed the property back to the debtors. Three days later, the debtors recorded the deed and filed a Chapter 7 bankruptcy petition in which they claimed individual exemptions in the property. The issues before the court centered on the date of attachment of the judgment lien and whether the judgment lien was avoidable as a preference under § 547(b) of the Bankruptcy Code as a transfer within 90 days of the filing of the bankruptcy. The bank argued that the judgment lien attached at the time it was docketed, outside the 90–day limits of § 547. The debtors and the trustee argued that the lien attached when the property was reconveyed back to the debtors immediately before filing, and was therefore avoidable as a preference. The District Court reversed the bankruptcy court and held that the judgment lien attached at the time it was docketed, despite the fact that the property had been transferred away. As a result, the lien was not avoidable under § 547. The Court concludes that the *Lawson* case is distinguishable from the present case. *Lawson* was a preference action between the bankruptcy trustee and the bank. The district court, in effect, concluded that for transfer purposes under § 547, the transfer took place when the bank docketed its judgment even though there was no property to which the lien could attach. Further, this Court is not bound by a decision of the New York District Court and chooses not to follow it.

Both parties have cited *In re Previs*, 31 B.R. 208 (Bankr.W.D.Wash.1983) in support of their positions. In a similar priority contest, judgment creditor/defendants argued that they had obtained a lien under RCW 19.40.090. The defendants had not commenced an action to set aside the fraudulent conveyance. Instead, they argued that their lien arose by virtue of 19.40.090(1)(b). The court held that no lien arose because while the defendants had "disregarded the conveyance" they had taken no action to execute or levy upon their judgment. *Previs* evidences an intent to require the judgment creditors to strictly adhere to the statute before a judicial or equitable lien will be recognized which takes priority over a trustee in bankruptcy.

The policy considerations behind the cases was expressed in *Preston–Parton Milling Co. v. Dexter Horton Co.*, 22 Wash. 236, 60 P. 412 (1900). Quoting from Wait, *Fraudulent Conveyances* (3d ed.), § 392, the Court stated,

"The first party to move [to set aside the fraudulent conveyance] is rewarded as a vigilant creditor, *the commencement of his suit* being regarded as an actual levy upon the equitable assets of his debtor." *Id.* at 241, 60 P. 412. (emphasis added).

The Washington Fraudulent Conveyance statute does not specifically state that one must commence an action to set aside the fraudulent conveyance. However, the Washington cases cited, and others which the Court has reviewed, have all involved the filing of a complaint to set aside the fraudulent conveyance and/or to clear title following execution pursuant to RCW 19.-40.090(1)(b). *Preston–Parton Milling Co. v. Dexter Horton Co.*, 22 Wash. 236, 60 P. 412 (1900); *Eggleston v. Sheldon*, 85 Wash. 422, 148 P. 575 (1915); *Henry v. Yost*, 88 Wash. 93, 152 P. 714 (1915); *Davis v. Nielson*, 9 Wash.App. 864, 515 P.2d 995 (1973); *Gagne v. Bailey*, 17 Wash.App. 599, 564 P.2d 348 (1977); *Rainier National Bank v. McCracken*, 26 Wash.App. 498, 615 P.2d 469 (1980); *Deyong Management, Ltd. v. Previs*, 47 Wash.App. 341, 735 P.2d 79 (1987).

The Marvicks' reply brief states that the trustee has cited no law nor precedent which requires a fraudulent transferee to be named as a party and served with process in order for the moving creditor's lien to be recognized. However, in *Eggleston v. Sheldon*, 85 Wash. 422, 148 P. 575 (1915), the Washington Court held:

"Since the grantee of the property acquires an interest therein by reason of

the conveyance, such grantee is a necessary and indispensable party to any proceeding brought to subject the property to the debt." *Id.* at 434, 148 P. 575.

In short and in order for a creditor to have a judgment or equitable lien against the property after the fraudulent conveyance has been set aside, his post judgment efforts to attack the conveyance must at a minimum have joined the fraudulent transferee who is an indispensable party. Further, the transferee must have been served with process so as to bring him within the jurisdiction of the court. The Marvicks did neither. The trust was not named as a party in the State Court case nor in the ensuing show cause proceeding, nor was it served. Inasmuch as the State Court did not have jurisdiction over the fraudulent transferee, the Marvicks' lien if any, be it equitable or judicial, did not attach to the realty when the conveyance was ultimately set aside. The fact situation in the case at bar is clearly distinguishable from the cases the Marvicks have cited. In all of those cases a complaint had been filed against the fraudulent transferee, a summons had been served, and the Court had acquired jurisdiction over the transferor, the transferee, and the property.

## CONCLUSION

1. The Marvicks' prefiling activities in the State Court proceeding were not sufficient to give them an equitable or judicial lien against the fraudulenty conveyed property or its proceeds as of the date the fraudulent conveyance was set aside.

2. Accordingly, the motion for summary judgment should be denied.

3. In view of this ruling, the Court deems it unnecessary to address the other arguments raised by the parties.