In re Albert V. FARALDI, Debtor.

Allan B. Mendelsohn, the Chapter 7 Trustee for the Estate of Albert Faraldi, Appellant,

v.

Andrew M. Thaler, the Chapter 7 Trustee for the Estate of George A. Gamaldi, Sr., Appellee.

Andrew M. Thaler, the Chapter 7 Trustee for the Estate of George A. Gamaldi, Sr., Petitioner,

v.

Albert V. Faraldi, and Dorothy Faraldi, Respondents,

and

United States of America, Intervenor.

No. 02–CV–0679 TCP.

United States District Court, E.D. New York.

Dec. 11, 2002.

Wendy J. Kisch, U.S. Department of Justice, Washington, DC, for U.S.

Harold J. Levy, Thaler & Gertler, L.L.P., Westbury, NY, for Andrew M. Thaler.

A. Scott Mandelup, Pryor & Mandelup, Westbury, NY, for Allan B. Mendelsohn.

Lawrence May, Angel & Frankel, New York City, for Albert V. Faraldi.

## MEMORANDUM AND ORDER

PLATT, District Judge.

Before this Court are both an appeal and a motion. The Court heard oral argument on both the appeal and the motion on November 14, 2002.

The appeal is by Allen B. Mendelsohn, Esq., the Chapter 7 Trustee of the bankrupt estate of Albert V. Faraldi ("Appellant" or "Faraldi Trustee"), from the Memorandum and Order of the United States Bankruptcy Court for the Eastern District of New York dated February 1, 2002, ordering pursuant to 11 U.S.C. § 544(b) that the Faraldi Trustee abandon to Andrew M. Thaler, Esq., the Chapter 7 Trustee of the bankrupt estate of George A. Gamaldi, Sr., ("Gamaldi Trustee"), certain claims alleged in a Special Proceeding pending before this Court ("Special Proceeding"), to the extent that those claims seek to recover alleged fraudulent conveyances of Albert V. Faraldi's ("Faraldi") interests in a house in Huntington, New York and a condominium in Montauk, New York (collectively the "Real Property") transferred by Faraldi to his wife, Dorothy Faraldi, in 1991.

The Motion is brought by the United States of America ("United States" or "IRS") in this action to compel the Faraldi Trustee to abandon the fraudulent conveyance claims not only as to the Real Property, but also as to certain personal property.

Following the appeal by the Faraldi Trustee from the Bankruptcy Court's decision on February 1, 2002, this Court withdrew the reference to consider all the questions raised herein. For the reasons stated below, the Faraldi Trustee's Appeal is GRANTED to the extent discussed below and the IRS's Motion is DENIED.

## BACKGROUND

The facts of this case have been set forth in detail in (i) this Court's Memorandum and Order dated August 15, 2002, which granted the United States motion to intervene in the present action and (ii) in the Bankruptcy Court's Memorandum and Order dated February 1, 2002, familiarity with which is presumed, and will not be restated in detail here.

At issue in both the Appeal and Motion is whether the Faraldi Trustee should be permitted to bring the fraudulent conveyance claims in the Special Proceeding as to the real and personal property Faraldi conveyed to his wife in July 1991, two months after Gamaldi had sent Faraldi a letter demanding payment under a guaranty that Faraldi had personally executed. Faraldi allegedly conveyed without consideration, (1) his tenancy by the entireties interest in a house in Huntington, New York; (2) a similar tenancy in an ocean-front condominium in Montauk, New York; (3) a forty-four foot yacht; and (4) approxi-

mately $700,000 in securities (collectively with the yacht the "Personal Property"). Prior to the conveyance, the house in Huntington and the condominium were owned by Faraldi and his wife as tenants by the entirety. The yacht and liquid assets had been held in Faraldi's name.

On November 9, 1998, the Gamaldi Trustee commenced the Special Proceeding against Faraldi and his wife in this Court to: (1) enforce the default judgment that had previously been entered against Faraldi and (2) void the conveyances made to his wife in July 1991 (hereinafter the "Fraudulent Conveyance Action"). This Court subsequently scheduled jury selection in the Fraudulent Conveyance Action for May 15, 2000. However, jury selection was thwarted because on May 12, 2000, Faraldi individually filed a bankruptcy petition under Chapter 7 of the United States Bankruptcy Code and thereby received an automatic stay under Title 11 U.S.C. § 362.

Shortly thereafter, the Gamaldi and Faraldi Trustees and their counsel were reportedly ready to prove on behalf of their respective estates that the properties were transferred with actual intent to hinder, delay, or defraud a creditor and without receiving reasonably equivalent value in return.

The Gamaldi Trustee argues that the Faraldi Trustee should be compelled to abandon the Fraudulent Conveyance Action as to the Real Property, since it is burdensome and inconsequential to the estate based on the fact that the Gamaldi Trustee was a pre-petition secured creditor of Faraldi based on Gamaldi's filing of a judgment in the amount of $9,117,795.10, with the Suffolk County Clerk on September 29, 1997, and the fact that the judgment exceeds the value of the Real Property.[1] The IRS similarly argues that the Faraldi Trustee should abandon the Fraudulent Conveyance Action, as to both the Real and Personal Property, since the IRS was a pre-petition secured creditor by way of its tax lien filed with the Suffolk County Clerk on October 27, 1993, which exceeded the value of the assets at issue.[2] As noted by the Bankruptcy Court, the IRS's tax lien is greater than $1.8 million.

The Bankruptcy Court agreed with the Gamaldi Trustee and ordered that the Faraldi Trustee abandon the Fraudulent Conveyance Action as to the Real Property based on a finding that there was no non-exempt equity in the Real Property and that the Real Property was burdensome or of inconsequential value and benefit to the estate pursuant to 11 U.S.C. § 554(b). The Bankruptcy Court's holding was based on the fact that the Gamaldi Trustee had a valid lien on the Real Property. The Bankruptcy Court found that under New York Law, the docketing of a judgment creates a lien on real property, notwithstanding the fact that the property had been transferred prior to the docketing of the judgment.

The Faraldi Trustee argues the Bankruptcy Court erred and that he has the right to bring the Fraudulent Conveyance

---

1. According to the Bankruptcy Court's decision, the Gamaldi Trustee believes the house in Huntington has a value of $500,000–$600,000 and the Montauk condo value of $500,000. The Faraldi Trustee believes that the house is worth $300,000 while Faraldi testified that the condo was worth "not very much more" than what he paid for it, or $175,000.

2. The IRS and the Gamaldi Trustee are reportedly prepared to enter into a settlement regarding the distribution of the property should they prevail on the right to bring the fraudulent conveyance action.

Action, in part based on a May 16, 2000, stipulation between the Faraldi Trustee, Dorothy Faraldi and the Gamaldi Trustee's law firm, Thaler & Gertler, LLP, ("Thaler") "So Ordered" by this Court on June 3, 2000, substituting the Faraldi Trustee for the Gamaldi Trustee as the Petitioner in the Special Proceeding (the "Stipulation"). The relevant portion of the "So Ordered" Stipulation stated, "The [Faraldi] Trustee shall be substituted as the Petitioner in the above action [the Special Proceeding], as successor-in-interest to Andrew M. Thaler, the Chapter 7 Trustee for the Estate of George A. Gamaldi, Sr." [3]

No appeal was taken and no formal motion has ever been made to date to vacate or modify this Court's Order. The Bankruptcy Court's order makes no mention of the Stipulation and it appears that the Faraldi Trustee did not adequately bring it to the attention of the Bankruptcy Court.[4]

The Faraldi Trustee further argues that under New York law a fraudulent conveyance is voidable, not void *ab initio*. Therefore the docketing of the judgment after real property has been transferred, even if the transfer is later found to be fraudulent, does not create a lien against the real property unless and until the transfer is avoided and the property is reconveyed to the debtor.

While the Court does not disagree with the legal analysis of the Bankruptcy Court regarding the status of the Gamaldi Trustee as a secured creditor, the Court reverses the Bankruptcy Court's decision to the extent it prevents the Faraldi Trustee

from bringing the Fraudulent Conveyance Action. The Bankruptcy Court failed to consider the Stipulation "So Ordered" by this Court, which expressly states that the Faraldi Trustee is the successor-in-interest to Gamaldi Trustee in regards to the Special Proceeding. Similarly, while this Court agrees that the IRS was a pre-petition secured creditor, it also denies the IRS's Motion because the Court finds that the "So Ordered" Stipulation is the law of this case and that at the Court's discretion abandonment is improper in this case. While the "So Ordered" Stipulation allows the Faraldi Trustee to bring the Fraudulent Conveyance Action, the Stipulation does not prohibit either the Gamaldi Trustee or the IRS from assisting in the prosecution of the action and the Court agrees that they should do so.

## DISCUSSION

**A. The Faraldi Trustee's Appeal of the Bankruptcy Decision**

### 1. Standard of Review

On appeal of a decision of a bankruptcy court, a district court "may affirm, modify or reverse a bankruptcy judge's judgment, order or decree." Fed. R. Bankr.P. 8013. It is well established that in examining a bankruptcy court's conclusions of law, the district court applies a *de novo* standard of review. *See, e.g., Fellows, Read & Associates, Inc. v. Rieder*, 194 B.R. 734, 736 (S.D.N.Y.1996) *aff'd* 116 F.3d 465 (2d Cir. 1997)("This [District] Court . . . is not

---

**3.** At the time of the June 3, 2000, Stipulation, the law firm of Thaler & Gertler, LLP, the attorney for the Gamaldi Trustee, was also special counsel to the Faraldi Trustee. Thaler & Gertler was subsequently substituted as counsel for the Faraldi Trustee by Pryor & Mandelup, L.L.P., by Stipulation and Order dated January 11, 2001.

**4.** At the hearing before this Court on November 14, 2002, the attorney for the Faraldi Trustee stated that the Stipulation "wasn't highlighted the way it should have been. It was there. It was a fact that was known. It was in the record."

bound by the Bankruptcy Court's view of the law, which is reviewed de novo.")

■ On the other hand, findings of fact made by a bankruptcy court may not be set aside unless clearly erroneous. See Fed. R. Bankr.P. 8013 ("Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous ...."). *See also In re Manville Forest Prods. Corp.*, 896 F.2d 1384, 1388 (2d Cir.1990). In applying the "clearly erroneous" standard of review, a district court may reverse the bankruptcy court where it is "left with the definite and firm conviction that a mistake has been committed." *BP Energy Co. v. Bethlehem Steel Corp.*, 2002 WL 31548723 at *2, 2002 U.S. Dist. LEXIS 22052 at *7 (S.D.N.Y. 2002) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948)).

### 2. The Bankruptcy Decision

The Bankruptcy Court compelled the Faraldi Trustee to abandon the Fraudulent Conveyance Action as to the Real Property pursuant to section 554 of the Bankruptcy code. Section 554 provides in relevant part, "[o]n request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(b). As the Bankruptcy Court stated, "courts have recognized that if the estate has no equity in the property, and the estate is to be liquidated, abandonment will be appropriate." *In re Faraldi*, No. 800–83212–288, 2002 WL 1058058 at *4 (Bankr.E.D.N.Y.2002).

The Bankruptcy Court determined that the Gamaldi Trustee had a perfected lien that exceeded the value of the Real Property as of the date in which the judgment was recorded, which was pre-petition.[5] The Bankruptcy Court came to this conclusion based on the finding that under New York law, a fraudulent transfer is *void ab initio* and the perfected lien may have retroactive effect after a determination that the transfer was fraudulent. Accordingly, the Bankruptcy Court held that because the lien was perfected before Faraldi's bankruptcy petition was filed Gamaldi was a "hypothetical judgment lien creditor" who had priority over the Faraldi Trustee. Because the lien far exceeded the value of the properties and there would be no distribution to general unsecured creditors in an hypothetical Chapter 7 liquidation, the Bankruptcy Court ordered that the Real Property should be abandoned to the Gamaldi Trustee. The Bankruptcy Court in deciding the Gamaldi Trustee's motion did not address the question of the Personal Property, since the Gamaldi Trustee could only be held to be secured as to the Real Property.

The Bankruptcy Court also dismissed the Faraldi's Trustee's contention that 11 U.S.C. §§ 544 and 551 granted the Fraudulent Conveyance Action to the Faraldi Trustee by operation of law because the Faraldi Trustee stood in the shoes of an unsecured creditor pursuant to § 544(b). Finding that there were no general unsecured creditors, the Bankruptcy Court found that the Faraldi Trustee could not obtain the necessary avoidance powers. In its decision, as noted above, the Bankruptcy Court made no mention of the Stipulation or of the fact that it had been "So Ordered" by this Court.

---

**5.** The parties do not dispute that the value of the lien exceeds the value of the Real Property.

### 3. Analysis

While the case law on the subject is sparse, the Bankruptcy Court was correct in finding that under New York law the Gamaldi Trustee was a secured prepetition creditor of the Real Property. Under New York law, fraudulent transfers are void, not voidable. *Empire Lighting Fixture Co. v. Practical Lighting Fixture Co.*, 20 F.2d 295, 296 (2d Cir.1927) (stating "[a] fraudulent conveyance is void under New York statute, and may be disregarded, even by a creditor whose judgment is entered afterwards.") Furthermore, New York law provides that the docketing of a judgment perfects the security interest in the Real Property, even if the transfer was made before the docketing of the judgment. *Lawson v. Liberty Nat'l Bank and Trust Co.*, 18 B.R. 384, 387 (W.D.N.Y. 1982). (stating "New York courts have ruled similarly that the lien attaches at the time of docketing regardless of the fact that title to the property is facially lodged elsewhere.") Based on these legal principles, the Gamaldi Trustee has a valid lien on the Real Property and continues to be a secured creditor of the Faraldi estate.

While the Gamaldi Trustee is a secured creditor as to the Real Property, the question of whether the Faraldi Trustee may bring the Fraudulent Conveyance Action before this Court has already been decided by the extant Stipulation.[6] The Bankruptcy Court was incorrect in compelling the Faraldi Trustee to abandon the Fraudulent Conveyance Action as to the Real Property because it failed to consider the "So Ordered" Stipulation and the effect of the Personal Property.[7]

At the time the Stipulation was signed, Thaler was special counsel to the Faraldi Trustee as well as counsel to the Gamaldi Trustee. The fact that Thaler is no longer counsel to the Faraldi Trustee pursuant to the Stipulation and Order dated January 11, 2001, does not alter the effect of the Stipulation. Based on the plain language of the Stipulation, the Faraldi Trustee is the "successor-in-interest" to the Gamaldi Trustee in the Special Proceeding.[8] Nonetheless, the fact that the Gamaldi has a strong interest in the outcome of the Fraudulent Conveyance Action as a secured creditor and that the Gamaldi Trustee's attorney is already familiar with the facts of the Fraudulent Conveyance Action (having been set to go to trial in May 2000) the Gamaldi Trustee may assist in the prosecution of the Fraudulent Conveyance Action.

### B. The Motion by the IRS

While this Court has acknowledged the IRS's interest in the Fraudulent Conveyance Action and granted its right to intervene in its August 15, 2002, Order, the Stipulation is still the law of this case.[9]

---

6. The Court notes that pursuant to 11 U.S.C. § 363, the Faraldi Trustee has the right to sell Faraldi and his wife's interest in the Real Property held as tenancies by the entireties. This right that would not likely be available to the Gamaldi Trustee.

7. In contrast to the Faraldi Trustee's contention, the Stipulation did not convert the Gamaldi Estate into an unsecured creditor, but only gave them the right to pursue the Fraudulent Conveyance Action.

8. Should the Faraldi Trustee, with the assistance of the Gamaldi Trustee and the IRS, prevail in the Fraudulent Conveyance Action, the assets would become part of the Faraldi estate in bankruptcy and the Gamaldi Trustee would be secured creditor as to the Real Property. The IRS would be secured as to both the Real and Personal Property, if the finder of fact determines that the transfer of assets was fraudulent as to the IRS.

9. While the IRS is correct that it was not a party to the Stipulation, it intervened in this case and has never made a formal motion to modify the Stipulation. Having delayed in

Furthermore, whether a Trustee should be compelled to abandon the Fraudulent Conveyance Action is discretionary with the Court. Based on the IRS's long delay in asserting its standing to sue (as was noted in the Bankruptcy Court's Order) as well as its questionable position in asserting that the transfers were fraudulent as to it since the transfers were made nearly two years before the trust fund penalty was assessed against Faraldi, the Court declines to compel the Faraldi Trustee to abandon the Fraudulent Conveyance Action to the IRS. If the transfer of assets to Dorothy Faraldi are found to be fraudulent as to the IRS, the IRS could then have secured claims as to the Real and Personal Property.[10]

While this Court acknowledges the right of the Faraldi Trustee to bring the Fraudulent Conveyance Action, the Court will allow the IRS assist in litigation of that action. Furthermore, this Court notes that the Faraldi Trustee has failed to take any steps to prosecute the Fraudulent Conveyance Action, despite the fact that the stay has been lifted since May 17, 2000. Accordingly, this Court orders that the trial regarding the alleged fraudulent conveyances be commenced forthwith, and it will not tolerate any unnecessary delays by the Faraldi Trustee. Any proposed settlements must be approved by the Gamaldi Trustee, the IRS, as well as the Faral-

di Trustee. As officers of this Court, the Gamaldi Trustee, his attorney and the IRS's attorney are directed to report to this Court any delays in the prosecution by the Faraldi Trustee and his counsel. The Faraldi Trustee is bound by his fiduciary duties to act in the best interests of the Faraldi estate and this Court will assure that it proceeds in such a manner.

## CONCLUSION

The Faraldi Trustee's Motion appealing the February 1, 2000, decision of the of the Bankruptcy Court is GRANTED in accordance with this Order and the Bankruptcy Court's order is REVERSED to the extent indicated. The IRS's motion to cause the Faraldi Trustee to abandon the Fraudulent Conveyance Action as to both the Real and Personal Property is DENIED, although the Gamaldi Trustee and the IRS may, and, as indicated, should participate in litigating the Fraudulent Conveyance Action. The Court orders that the Fraudulent Conveyance Action proceed without further delay.

SO ORDERED.

---

entering this action, this Court refuses to change the parties' positions at this late date.

**10.** The Court acknowledges that, as discussed in the recent Supreme Court case of *United States v. Craft*, 535 U.S. 274, 122 S.Ct. 1414, 152 L.Ed.2d 437 (2002), it had long been recognized by both the courts and the IRS that property held by husband and wife as tenants by the entirety could not be levied upon by the IRS. While the Supreme Court ultimately decided in favor of the IRS, the majority noted the Sixth Circuit's approval of the proposition that where state law provides that neither the husband or wife has a sepa-

rate interest in the property held as a tenancy by the entirety, no tax lien could attach and hence there could be no fraudulent intent. *Id.* at 445. In dicta the Court further stated that the "fraudulent conveyances will no doubt be answered differently" in the future. *Id.* at 452. Moreover, the dissent pointed out, particularly insofar as "fraudulent intent" is concerned, that for more than fifty years every federal court and the IRS (citing numerous cases and IRS manual provisions) have held that no one, including the IRS, had any valid claim against Real Property held by tenants by the entirety.